## O. B. BRICKEY v. STATE.

No. A-8700.  May 11, 1934.
(32 Pac. [2d] 743.)

Walter Mathews, for plaintiff in error.

J. Berry King, Atty. Gen., Smith C. Matson, Asst. Atty. Gen., (Hester Atherton Gifford, of counsel), for the State.

DAVENPORT, J. The plaintiff in error, hereinafter referred to as the defendant, was convicted of having possession of intoxicating liquors and sentenced to pay a fine of $50 and be confined in the county jail for a period of 30 days.

The testimony of the state shows the officers went to defendant's home with a search warrant and found six pints of whisky. The defendant, testifying in his own behalf, denied he had six pints of whisky in his home, and states that the officers came to his home about five minutes to 12 o'clock on Sunday night; that he had between a half pint and a pint of whisky in a dresser drawer that had a false bottom to it; and positively denies the officer took any whisky out of his house.

The defendant in his assignment of errors alleges the trial court erred in overruling his motion for a new trial, the court erred in refusing to give his requested instruction No. 1, and the court erred in giving its instruction No. 7.

The only error discussed by the defendant is that the court erred in giving instruction No. 7, which instruction is as follows:

"You are further instructed that the having and keeping in excess of one quart of any spirituous, vinous, fermented or malt liquors shall be deemed prima facie evidence of an intention to convey, sell or otherwise dispose

of, said liquor, and you are also instructed that if you should find beyond a reasonable doubt that on or about the 24th day of July, 1933, that the defendant O. B. Brickey had in excess of one quart of spirituous, vinous, fermented, or malt liquors, that the possession of such liquor, if you should find the defendant had the possession of the same, would be sufficient to establish an unlawful intent, unless rebutted or the contrary proved, yet it does not make it obligatory upon you to convict after the presentation of such proof, but such evidence is competent and sufficient to justify you finding the defendant guilty, provided you are satisfied from all the evidence that the defendant is guilty, beyond a reaonable doubt."

Defendant insists that the court should have instructed the jury under section 6985, C. O. S. 1921 (section 2625, O. S. 1931), which makes it a penalty to have or to keep at, in, or about his place of residence, at any time, more than one gallon of spirituous or one gallon of vinous liquors.

The defendant evidently overlooked subsequent legislation upon this subject and the decisions of this court. In Ex parte Wilson, 6 Okla. Cr. 451, 119 Pac. 596, this court held section 6985 unconstitutional.

In Jenkins v. State, 28 Okla. Cr. 249, 230 Pac. 293, this court expressly states that section 6985, supra, was superseded by section 6999, C. O. S. 1921, as amended by chapter 123, of the Session Laws of 1923-24, which law makes the keeping of more than one quart of intoxicating liquor at one's private residence prima facie evidence of unlawful intent to sell or otherwise dispose of the same. Section 6999, as amended, is now section 2626, O. S. 1931, which section has since been amended by chapter 153, § 3, Session Laws 1933. The court did not err in giving the instruction complained of, as it is a correct instruction of the law of possession of intoxicating liquors at one's residence.

454

There is no error in the record, and the judgment of the trial court is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.