## W. S. FARROW v. STATE.

No. A—9389. Aug. 19, 1938.
(82 P. 2d 244.)

Chapman & Chapman, of Shawnee, for plaintiff in error.

Mac. Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., and Thomas C. Wyatt, Co. Atty., of Shawnee, for the State.

BAREFOOT, J. The defendant was tried and convicted in the county court of Pottawatomie county of the crime of unlawful possession of intoxicating liquor and was sentenced to pay a fine of $200 and to serve a term of 60 days in the county jail, and appeals.

The evidence on behalf of the state reveals that the defendant was the manager and operated the Purity Drugstore in the town of Maud, Pottawatomie county, Oklahoma, on the 10th day of April, 1937. That a search warrant was issued out of a justice of the peace court at Tecumseh, to a deputy sheriff of Pottawatomie county, who searched said premises on said date. Officers went to the place of business of the defendant and executed the same by serving a copy on the defendant and searching the drugstore. In a back room used in connection with the drugstore they found five pints of tax paid liquor with the seal unbroken; one pint bottle half full with the seal broken, and one half pint

with the seal unbroken. Defendant had the key to the room where the liquor was found and unlocked the same for the officers. He said: "There ain't nothing to do about it." All of the officers who participated in the raid testified to these facts. The defendant did not take the witness stand, nor did he offer any evidence in his behalf.

A motion was filed by the defendant to suppress the evidence procured under the search warrant issued in this case. When the case was called for trial the court announced that the burden was on the defendant to sustain his motion. Counsel representing defendant made several statements to the court with reference to being unable to locate the search warrant, and stated that he had written the county attorney a letter with reference to the same. He also stated that he had been to the office of the county attorney and court' clerk and did not find it.

The following proceeding was then had:

"The Court: I have just been informed by the sheriff the records are in the justice of the peace Hatfield's court at Tecumseh. Have you ever inquired there yet? Mr. Chapman: I didn't have the information from the sheriff, and I inquired of you and you didn't know. The Court: The court overruled the motion to suppress and allows an exception."

No evidence was offered by the defendant to support the motion. Under this state of facts we do not find that the court erred, in overruling the motion to suppress the evidence in this case.

Under chapter 153, section 3, Session Laws 1933, 37 Okla. St. Ann. § 82, it is provided:

"The keeping, in excess of one quart of any spirituous, vinous, fermented or malt liquors, or any imitation thereof, or substitute therefor, * * * in or about his place of business or his residence, or any place of amusement, or recreation, or any public resort, or any club room * * * shall be prima facie evidence of an intention to convey, sell or otherwise dispose of such liquors. * * * * "

Under this statute the court instructed the jury as follows:

"You are further instructed that under the law of the state of Oklahoma, the having and keeping at a place of business in excess of one quart of any spirituous, vinous, fermented or malt liquors, or of any liquors or compounds of any kind or description whatever, whether medicated or not, which contain more that 3.2 per cent of alcohol, measured by weight, and which is capable of being used as a beverage, shall be deemed prima facie evidence of an intention to convey, sell or otherwise dispose of such liquors.

"In this connection you are also instructed that the possession of such liquor, if you should find the defendant had the possession of the same, would be sufficient to establish an unlawful intent, unless rebutted or the contrary proved, yet it does not make it obligatory upon you to convict after the presentation of such proof, but such evidence is competent and sufficient to justify you finding the defendant guilty, provided you are satisfied from all the evidence that the defendant is guilty beyond a reasonable doubt."

No evidence having been offered by defendant, we find no error in the record, and the judgment of the county court of Pottawatomie county is affirmed.

DAVENPORT, P. J., and DOYLE, J., concur.