DEXTER RIDER v. STATE.
No. A-10291, Aug. 2, 1944.
(151 P. 2d 67.)

44

Wall & Green, of Sallisaw, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., and W. S. Agent, Co. Atty., of Sallisaw, for defendant in error.

BAREFOOT, J.  Defendant, Dexter Rider, was charged in the district court of Sequoyah county with the crime of murder; was tried, convicted of the crime of manslaughter in the first degree, by the court sentenced to serve a term of seven years in the penitentiary, and has appealed.

This charge was the outgrowth of the killing by defendant of George Flute by shooting him with a pistol at a picnic near Sallisaw, in Sequoyah county, on the night of July 6, 1941.

The principal contention of defendant for a reversal of this case is that the evidence is insufficient to sustain the judgment and sentence.

A strong and well prepared brief has been filed by counsel for defendant to uphold this contention, in which the testimony of each witness has been carefully analyzed, and an eloquent appeal made for the reversal of the case.

We have carefully read the briefs, the record, and the instructions of the court.

We find that the testimony of the several witnesses with reference to what occurred at the exact time of the killing is in direct conflict. This killing occurred on or near a dance platform on the picnic grounds, and many parties were on the platform and near it at the time.

The defendant was a member of the Cherokee Tribe of Indians, as was also the deceased, George Flute, who was a deputy sheriff of Sequoyah county. Some time prior to the killing, two girls had been in a fight out in the road near the picnic grounds. Defendant was present and one of the girls, whose face was bleeding, asked for a handkerchief, and defendant gave her one. This apparently angered some of the crowd, and they started toward the defendant. As he backed away he told them to stop, and when they did not do so, he pulled a gun from his pocket and fired three shots in the ground in front of them. The deceased, who was also present, made some attempt to secure the gun from defendant, and in this was assisted by another party. The defendant got away, and, as he testified, was going home. On the way he came to the dance platform and stopped, and went up on the platform. The deceased also approached the platform from another direction, and was undoubtedly, from all the testimony, going toward the defendant for the·purpose of arresting him, or securing his gun, the defendant having reloaded his gun and placed it in his pocket.

As to what happened from this time on, there is an unequivocal conflict in the evidence. A number of state witnesses testified that defendant shot at deceased twice before deceased attempted to get his gun, and that deceased fired his gun once, and defendant then fired two other shots, killing deceased. Several of the state wit-

nesses testified that defendant shot deceased after he was lying on the ground. A number of witnesses for defendant testified that the deceased shot at defendant twice before defendant took his gun from his pocket, and before he fired. The gun of deceased was introduced in evidence, and the party who took possession of same immediately after the killing testified that only one shot had been fired, and the four loaded and one empty shells were introduced in evidence. The gun of defendant, together with five empty shells, were also introduced in evidence.

Defendant testified that he did not know deceased was an officer at the time, but knew he had been. Evidence of the state was that it was generally known in the community that deceased was a deputy sheriff.

Under the above statement, it is unnecessary for us to give a detailed statement of all the evidence offered in this case.

The argument that this court on appeal should attempt to judge the weight of the evidence and attempt to come to a conclusion as to who was testifying to the truth, and who was testifying falsely, would be in direct conflict with all the decisions of this court from its foundation. For us to attempt to determine that one witness had testified falsely because he did not testify at the preliminary examination, as argued, would be impossible. The weight of the testimony, the credibility of the witnesses, and the weight to be given to their testimony are questions exclusively for the consideration of the jury.

A careful reading of the record clearly reveals that the evidence was sufficient to sustain the judgment and sentence rendered in this case. The evidence of the state was sufficient to sustain a judgment and sentence of murder. The jury no doubt took into consideration the

youth of the defendant, his being in the armed forces in the service of his country, and his testimony that he did not intend to kill deceased, and only found him guilty of manslaughter in the first degree. He was ably and well defended.

The only other contention of defendant is that the court erred in giving instruction No. 5, which was as follows:

"Upon a trial for murder the commission of the homicide by the defendant being proven, the burden of proving circumstances of mitigation or that justify it devolves upon the defendant, unless the proof upon the part of the prosecution shows that the crime committed amounts only to manslaughter, or that the defendant was justifiable or excusable."

In the first place, no exception was reserved to the giving of this instruction, and for this reason it may not be considered here, unless it was a fundamental error. The instruction is a direct quotation of 22 O. S. 1941 § 745. Under the law, it should be considered in connection with all the instructions as a whole. The court fully instructed the jury upon the law of reasonable doubt, and told them that if after a consideration of the whole case, "you entertain a reasonable doubt as to the guilt of the defendant, you will resolve that doubt in his favor and acquit him." This same quotation was repeated a number of times in the general instructions. The court fully covered the law of self-defense in his instructions, and they were so favorable to the defendant that no exception was taken to them.

Finding no error in the record, it is ordered that the judgment and sentence of the district court of Sequoyah county be, and it is affirmed.

JONES, P. J., concurs. DOYLE, J., not participating.