# HARRY MILLER v. STATE.

No. A-10979.    May 4, 1949.

(206 P. 2d 245.)

John L. Ward, Jr., of Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., and Elmer Adams, Co. Atty., Tulsa County, of Tulsa for defendant in error.

BAREFOOT, J.    Defendant, Harry Miller, was charged in the court of common pleas of Tulsa county with the offense of unlawful possession of intoxicating

liquor, to wit: 54 pints and 49 4/5ths quarts of assorted whisky; was tried, convicted and sentenced to pay a fine of $250, and to serve 90 days in the county jail, and has appealed.

Two deputies from the sheriff's office of Tulsa county procured a search warrant for the purpose of searching "a certain black Ford sedan automobile, bearing Oklahoma license No. 2-3755." There is no question as to the proper description of the automobile. It was located by the officers at the Tulsa Auto Hotel. When found the car was locked. One of the officers remained with the car, and the other went to the manager of the auto hotel, and he telephoned the defendant, the owner of the car. The defendant came to the auto hotel immediately, produced the keys and opened the car, and the whisky above described was found therein. Defendant was arrested and the charges, above stated, were filed against him.

The defendant filed a motion to suppress the evidence, in which it was claimed that the search was illegal and void for the reason that the defendant was asked by one of the deputies to open the car, and that the officers did not see the whisky in the car prior to searching the same, and that they did not know that the car contained whisky prior to the search. Evidence was presented on the motion to suppress, and we have carefully examined the same, together with the case of Bohannon v. State, 66 Okla. Cr. 190, 90 P. 2d 675, the case relied upon by the defendant in his brief.

A careful reading of the Bohannon case reveals that the facts in that case are in no way comparable to the facts in the instant case. That was a case where the defendant was charged with the unlawful transportation

of intoxicating liquor. Here the defendant is charged with the unlawful possession. The facts are entirely different.

If the defendant in the case at bar had been arrested and search conducted without the aid of a search warrant, the question raised by defendant would present a more serious question. But the search warrant was for the purpose of searching the Ford automobile. The officers had the right to search the car under the warrant, and if necessary, had the right under the law to have forcibly entered the car for the purpose of making the search. The officers no doubt did not desire to injure or damage the car, and the defendant probably unlocked it in order to keep the officers from damaging the same. The evidence sustains this assertion. As to the ownership of the car, and the contents thereof, the defendant at the time evidence was taken on the motion to suppress, testified that he was the owner thereof.

From the above statement, we are of the opinion that the court did not err in overruling the motion of defendant to suppress the evidence secured by reason of the execution of the search warrant.

The only serious question raised by the defendant in his assignments of error is that the court erred in giving instruction No. 8. In support of this contention, defendant cites the cases of Hughes v. State, 85 Okla. Cr. 25, 184 P. 2d 625, and Savalier v. State, 85 Okla. Cr. 87, 185 P. 2d 476.

In the above cases the court had under consideration an instruction given by reason of Tit. 37 O.S. 1941 § 82, which provides that the having in one's possession in excess of one quart of intoxicating liquor "shall be prima facie evidence of an intention to convey, sell or otherwise dispose of such liquor." The court held that the giving

of an instruction somewhat similar to the instruction No. 8 in the instant case, was erroneous, as placing the burden of proof upon the defendant, and those cases were reversed for that reason. In each of these cases an exception was taken to the giving of the instruction. We have carefully examined the record in this case, and do not find that any exception was taken by defendant to the giving of any of the instructions, and no requested instruction was asked calling the attention of the court to this proposition. We have often held that a case will not be reversed by reason of an erroneous instruction where no exception was taken to the giving of the same, unless it was such as deprived the defendant of a substantial right or was in violation of a constitutional or statutory right. Rider v. State, 79 Okla. Cr. 43, 151 P. 2d 67; Gaddy v. State, 81 Okla. Cr. 236, 162 P. 2d 787; Dooley v. State, 82 Okla. Cr. 243, 168 P. 2d 651; Chapman v. State, 84 Okla. Cr. 41, 178 P. 2d 638.

A number of other assignments of error are presented, but an examination of them does not reveal anything which causes us to believe that defendant did not have a fair and impartial trial.

For the reasons above stated, the judgment of the court of common pleas of Tulsa county is affirmed.

JONES, P. J., and BRETT, J., concur.