## MILLER v. STATE.

No. A-10979.　Sept. 14, 1949.

(209 P. 2d 890.)

John L. Ward, Jr., and Elmore A. Page, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., and Elmer Adams, Co. Atty., Tulsa County, Tulsa, for defendant in error.

BRETT, J.　This matter comes on, upon petition for rehearing, the original opinion having been rendered on the 4th day of May, 1949, Miller v. State, 89 Okla. Cr. 200, 206 P. 2d 245, 246.　In that opinion the judgment and sentence of the lower court was affirmed.　Therein the late Judge Barefoot said:

"The only serious question raised by the defendant in his assignments of error is that the court erred in giving instruction No. 8."

The said instruction reads as follows, to wit:

"No. 8: You are instructed that the amount of intoxicating liquor found in the possession of the defendant, if you find any was found in his possession, is a proper circumstance for you to take into consideration in connection with all the other facts and circumstances in the case, in determining whether or not it was the intent of the defendant to illegally dispose of said liquor in violation of the prohibitory liquor laws of the State of Oklahoma.

"You are instructed that the possession of more than 1 quart of whisky is prima facie evidence of intent to sell, but that such prima facie evidence may be rebutted by proof on the part of the defendant that there was no intent on his part to sell the same."

In support of this contention, the defendant cites the cases of Hughes v. State, 85 Okla. Cr. 25, 184 P. 2d 625, and Savalier v. State, 85 Okla. Cr. 87, 185 P. 2d 476. In relation to the above instruction Judge Barefoot further said:

"In the above cases the court had under consideration an instruction given by reason of Tit. 37 O. S. 1941 § 82, which provides that the having in one's possession in excess of one quart of intoxicating liquor 'shall be prima facie evidence of an intention to convey, sell, or otherwise dispose of such liquor.' The court held that the giving of an instruction somewhat similar to the instruction No. 8 in the instant case, was erroneous, as placing the burden of proof upon the defendant, and those cases were reversed for that reason. In each of these cases an exception was taken to the giving of the instruction. We have carefully examined the record in this case, and do not find that any exception was taken by defendant to the giving of any of the instructions, and no re-

quested instruction was asked calling the attention of the court to this proposition."

Since the rendition of said opinion the court has discovered that an application was filed on February 23, 1949, which was not called to its attention, until after the rendition of said opinion on May 4, 1949. In said application it appears that through some unintentional circumstance the defendant's objection and exception to said instruction No. 8 were not contained in the case-made herein submitted. It being made to appear by the affidavit of Fayetta Warner, the court reporter, that an objection and exception was made to said instruction No. 8, said case-made by leave of the court has been corrected and amended in conformity therewith, with the full knowledge and consent of the county attorney of Tulsa county, Okla. It therefore appears that said case should be considered upon the basis of the corrected and amended record. In light of prior decisions in similar cases, Judge Barefoot orally expressed his opinion to his associates before his demise that he would have reversed and remanded the case at bar had said matter been called to his attention at the time of the rendition of the original opinion herein. Such view is in keeping with the rule as originally announced by him, and subsequently reiterated in Hughes v. State, supra, written by Judge Barefoot, and followed in Savalier v. State, supra, wherein this court said:

"An instruction which informs the jury that the possession of in excess of one quart of intoxicating liquor is prima facie evidence of an intention to barter, sell or otherwise dispose of the same contrary to law, and further contains this clause: 'But while this is prima facie evidence of an intent on the part of the defendant to barter, sell or otherwise dispose of the same contrary to law, it is a rebuttable presumption and can be removed

by proof to the contrary' without informing the jury that it does not make it obligatory upon them to convict unless they are satisfied beyond a reasonable doubt, after a consideration of all the evidence, of the guilt of the defendant, is error requiring the reversal of the case."

For all of the foregoing reasons on petition for rehearing, the said case is reversed and remanded for a new trial.

JONES, P. J., and POWELL, J., concur.