## HINK v. STATE.

No. A-11130.   March 15, 1950.

(216 P. 2d 348.)

John L. Ward, Jr., Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

POWELL, J. Tom Hink was charged by information filed in the district court of Tulsa county with the crime of unlawful possession of intoxicating liquor, second offense. Defendant's demurrer to the information was overruled, and motion to suppress was filed, heard by the court, and overruled. A jury was waived, the defendant did not testify or offer any evidence. The evidence of the arresting officer on the motion to suppress was considered as the evidence of the state, and it was stipulated by and between counsel that the allegations

of the information relative to the prior conviction of defendant in the court of common pleas of Tulsa county on November 15, 1945, for the unlawful possession of intoxicating liquor, was true and correct. The court found the defendant guilty as charged, and fixed his punishment at imprisonment in the county jail for a term of four months and a fine of $250, and costs. Appeal has been duly perfected to this court.

The undisputed evidence disclosed that a deputy sheriff armed with a search warrant searched the defendant's automobile and found in the back end of said car 19 fifths and 33 pints of tax-paid whisky.

For reversal, defendant argues his case under two propositions, as follows:

"Proposition No. 1: The court erred in overruling defendant's motion to suppress the evidence secured by reason of the search warrant.

"Proposition No. 2: The court erred in overruling defendant's demurrer to the information."

Counsel argues that:

"The affidavit to secure the search warrant is vague, indefinite, uncertain ambiguous, contradictory, repugnant and conflicting in that it states that intoxicating liquor 'is being sold, stored, transported, given away and otherwise furnished' ".

He further argues that, "if the liquor is being sold, then it is not given away. If it is otherwise furnished, then it is not being sold or given away. If it is being stored, then it is not being transported. It cannot be all these and the affidavit states these facts conjunctively, and not disjunctively, thus creating an impossible situation."

The affidavit complained of reads in part as follows:

88

"Walter Wisenhunt, being first duly sworn, upon oath deposes and says: That certain intoxicating liquor is being sold, stored, transported, given away, and otherwise furnished; and is being kept for the purpose of being sold, stored, transported, given away, and otherwise furnished in violation of the prohibitory laws of the State of Oklahoma; the kind and description of said intoxicating liquor being as follows, to-wit: wine, beer, and other intoxicating liquor, and imitations thereof and substitutes therefor, the exact quantity thereof being unknown.

"I know that Tom Hink is a bootlegger and that he is selling whisky from this car. I have been closely observing him and this vehicle for the past month. I have seen him delivering whisky in this vehicle and recently arrested him with whisky in said vehicle. That said intoxicating liquors are being disposed of and kept by one Tom Hink in the manner aforesaid in and/or on the following described motor vehicle, situated in Tulsa county, Okla., to wit:

"A certain Chevrolet sedan automobile bearing 1946 Oklahoma License 2-51738 with a 1947 Oklahoma tab attached, which said motor vehicle is being used in secreting, storing and transporting intoxicating liquors in and on the streets and alleys of the city of Tulsa and the highways and roads of Tulsa county, Oklahoma. * * *"

The statutory provisions for affidavit for a search warrant are found in Tit. 22 O. S. A. §§ 1222, 1223 and 1224; and Tit. 37 O. S. A. § 84. The latter statute is applicable where the search is for intoxicating liquors. The affidavit in question involves the illegal possession of intoxicating liquors, a number of kinds being enumerated. Facts are set forth tending to establish probable cause, and it is so drawn that perjury could be charged thereon if any material allegation contained therein is false. From such standpoint the affidavit meets the requirements of the above statutes.

In McHenry v. State, 61 Okla. Cr. 450, 69 P. 2d 90, an affidavit for search warrant similar in form to the af-

fidavit in the within case was held to comply with the statutory requirements. Baker v. State, 28 Okla. Cr. 408, 231 P. 320, was cited where an approved form affidavit was set out. See, also, Mason v. State, 60 Okla. Cr. 392, 64 P. 2d 1238.

The search warrant is issued for the purpose of obtaining the property specified, which, if obtained, may be used as basis for a charge against the defendant, and be used as evidence to support such charge. The county attorney will determine the nature of the charge to be filed, if any. From the affidavit in the instant case, the complaining officer positively swears that he has seen the defendant delivering whisky in the vehicle in question; that he recently arrested defendant and found whisky in the vehicle. Of course, the defendant could be guilty of possessing, storing, transporting, selling and giving away liquors at the same time, if he had the quantity.

Counsel for defendant contends that the affidavit was insufficient if issued either under section 6, 31 or 82 of Title 37, O. S. A., setting out various reasons. However, an examination of the affidavit discloses that 'it was issued as provided by section 82 of Title 37, O. S.A., and the information resulting from the search was based on Title 37 O. S. A. §§ 31 and 82. This court in Howe v. State, 84 Okla. Cr. 279, 181 P. 2d 571, opinion by Barefoot, J., held:

"The word 'premises' in statute authorizing issuance of search warrant on filing of affidavit showing probable cause does not limit right to search of realty, but also includes right to issue warrant to search automobile or other personal property."

As stated, the search produced 19 fifths and 33 pints of tax-paid whisky. The county attorney charged the defendant with unlawful possession of intoxicating liquors,

second offense, as provided by Section 12, Title 37, O. S. A., and Section 31, Title 37 O. S. A. Defendant seems to argue that because the whisky was obtained by search under warrant and from an automobile, and in view of the fact that automobile is not mentioned in Section 31, or Section 82, Title 37 O. S. A., that the search was illegal and that his demurrer to the information should have been sustained, and that being overruled that his motion to suppress should have been sustained. The statute mentions "upon, in, or about his place of business, or any place of amusement, or recreation, or any public resort, or any club room."

From the affidavit in question it would appear that the defendant was making his *automobile his place of business*. The reasons given by Judge Barefoot in support of the above rule announced in Howe v. State, supra, are applicable here, and we hold that the word "place of business" in the statute making it unlawful for any person to have in excess of one quart of spirituous, vinous, fermented or malt liquors, etc., applies not only to real property, but to movable personal property such as a motor vehicle, if such property is used as a place of business for violation of the liquor laws.

Defendant further argues that the affidavit upon which the search warrant was issued is insufficient because:

"The affidavit states that the motor vehicle described is being used in secreting, storing and transporting intoxicating liquor. If it was used for transporting, then no place or point is stated from which they were being transported nor no place or point to which they were being transported, and therefore the affidavit is insufficient."

The case of Bohannon v. State, 66 Okla Cr. 190, 90 P. 2d 675, 676, is cited in support of such contention. In that case it was held:

"Where an affidavit is made for the purpose of securing a search warrant to search a car for transporting intoxicating liquors from one place to another, the affidavit must clearly state a point from where the party started transporting the whisky or a point definite to where it was transported."

In Miller v. State, 89 Okla. Cr. 200, 206 P. 2d 245, 246, decided May 4, 1949, where the defendant was charged with unlawful possession, the Bohannon case was distinguished, the court pointing out:

"A careful reading of the Bohannon case reveals that the facts in that case are in no way comparable to the facts in the instant case. That was a case where the defendant was charged with the unlawful transportation of intoxicating liquor. Here the defendant is charged with the unlawful possession. The facts are entirely different."

Although the above case was reversed, it was because of an erroneous instruction, and not on the sufficiency of the affidavit for the search warrant. See Miller v. State, 90 Okla. Cr. 14, 209 P. 2d 890.

The defendant contends that his demurrer to the information should have been sustained. The charging part of the information reads:

" * * * that Tom Hink on the 12th day of November, A. D. 1947, in Tulsa county, State of Okla., and within the jurisdiction of this Court, did unlawfully, wrongfully and wilfully have in his possession, certain intoxicating liquor, to wit: 19 one-fifths of a gallon and 33 pints of assorted tax-paid whisky; with the unlawful intent then and there, upon the part of said defendant, to barter, sell, give away and otherwise furnish same in violation of the prohibitory liquor laws of the state of Oklahoma.

"That said defendant heretofore, to-wit: on the 15th day of November, 1945, was convicted of Unlawful Possession of Intoxicating Liquor, in the Court of Common Pleas of Tulsa County, Oklahoma, and was sentenced to 30 days in the county jail and fined $50.00 and costs, jail time being suspended, being case No. 48339, contrary to the form of the Statutes in such cases made and provided, and against the peace and dignity of the State."

Defendant says:

"If the information is drawn under Title 37 O. S. A. Sec. 31, it must not only contain the allegation 'which is capable of being used as a beverage' but must also state the place, within the limits of such Section, where said intoxicating liquor was kept or possessed, 'upon, in, or about his place of business, or any place of amusement, or recreation, or any public resort, or any club room', in order to charge an offense under that Section. In this respect the informaiton is fatally defective and wholly insufficient to charge any offense under section 31."

An information in Botts v. State, 29 Okla. Cr. 105, 232 P. 965, worded substantially as the above information, was held sufficient. In Linde v. State, 83 Okla. Cr. 365, 177 P. 2d 527, this court had up for consideration the sufficiency of an information filed under Tit. 37 O. S. A. § 31, which information charged the defendant "with the offense of illegal possession of intoxicating liquor, in that he did, unlawfully, wilfully and wrongfully have in his possession a quantity of tax-paid whisky in excess of 94 (4/5), with intent, on the part of said defendant to unlawfully, wilfully and wrongfully barter, sell, etc., same." The court held the information sufficient under the statute in question.

In Howe v. State, supra, this court in the body of the opinion said:

"In the instant case, the search warrant, following the description in the affidavit, described the property to be

searched as follows: 'A black Plymouth coupe automobile, bearing 1945 Oklahoma License 2-38328, which said automobile is used in storing, secreting and transporting intoxicating liquor.' This was a sufficient description of the property to be searched. It required no outside information for the officers to properly identify the property. We are of the opinion that the Legislature under the terms of the statute above mentioned did not intend by the use of the term 'premises' as above mentioned, to prevent the search of an automobile.

"In the case of Wagner v. State, 72 Okla. Cr. 393, 117 P. 2d 162, 167, this court said: 'While we have strictly construed the terms of the statute as applied to search warrants, we are of the opinion that there should not be a technical construction of the statute which would defeat the ends of justice and permit the guilty to escape through technicalities.' "

It was further held in Hughes v. State, 85 Okla. Cr. 25, 184 P. 2d 625, Id., 85 Okla. Cr. 35, 184 P. 2d 630:

"In prosecution for unlawful possession of intoxicating liquors, evidence revealing that liquor found in defendant's possession was tax-paid whisky was sufficient to establish without further proof that liquor found was intoxicating. 37 O. S. 1941, § 82."

For the purpose of the demurrer, the allegations in the within case setting out that the defendant did have in his possession the quantity of tax-paid whisky listed, and which was in excess of one quart, in connection with the other allegations quoted, was sufficient. Only where the information charges possession for sale or actual sale of liquors, compounds, and mixtures other than liquor that is intoxicating per se, such as whisky, is it necessary that the information allege that such liquors contain more than 3.2% of alcohol, measured by weight, and that same is capable of being used as a beverage. Davis v. State, 71 Okla. Cr. 82, 108 P. 2d 200.

Though the facts are different, this principle is involved in Maladin v. State, 72 Okla. Cr. 80, 133 P. 2d 201, and the reasoning is equally applicable here.

The judgment of the district court of Tulsa county is, accordingly, affirmed.

JONES, P. J., and BRETT, J., concur.