## WILSON v. STATE.

No. A-11115.   April 5, 1950.

(217 P. 2d 199.)

158

John L. Ward, Jr., of Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty.. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

POWELL, J.   Lloyd Wilson was charged by information filed in the court of common pleas of Tulsa county with the crime of possession of intoxicating liquors; a motion to suppress the evidence was filed and overruled. Thereafter, the case was tried to a jury, the defendant was found guilty and sentenced to serve 30 days in the Tulsa county jail, and to pay a fine of $250.   The defendant advances four propositions for reversal.

The evidence shows that on March 3, 1948, a deputy sheriff of Tulsa county procured a search warrant to search a 1947 Black Chevrolet Automobile, Oklahoma license 2-58501, it being set forth that said vehicle was being used in secreting, storing and transporting intoxicating liquors.   Officer Rains located the car parked, on Eighth and Denver streets, in Tulsa.   The car was unoccupied, but the officer opened the car and took the keys out of the ignition and waited for a few minutes for some one to appear.   When the defendant arrived at the car, the search warrant was served upon him, and he produced a second set of keys and opened the back of the car, after

request by the officer, and 37 pints and 22 fifths, assorted tax-paid whisky was found.

We deem it necessary to consider but two propositions raised by the defendant. His first proposition as to the alleged insufficiency of the affidavit for search warrant has been settled adversely to the contentions of the defendant in Hink v. State, 91 Okla. Cr. 85, 216 P. 2d 348.

The Attorney General concedes the validity of the argument of the defendant that the court erred in giving instruction No. 3, and has not filed a brief. The instruction complained of reads:

"You are instructed that the amount of intoxicating liquor found in the possession of the defendant, if you find any was found in his possession, is a proper circumstance for you to take into consideration in connection with all the other facts and circumstances in the case, in determining whether or not it was the intent of the defendant to illegally dispose of said liquor in violation of the prohibitory liquor laws of the State of Oklahoma.

"You are instructed that the possession of more than one quart of whisky is prima facie evidence of intent to sell, but that such prima facie evidence may be rebutted by proof on the part of the defendant that there was no intent on his part to sell the same."

This instruction was by the court given over the objection and exception of the defendant. An identical instruction as given in the within case was by the court given in the case of Miller v. State, 90 Okla. Cr. 14, 209 P. 2d 890, and the giving of such instruction was held to constitute reversible error, because it placed the burden of proof upon the defendant. The above case, together with the cases therein cited, may be referred to for detailed treatment of the question.

The information in this case was filed March 24, 1948, and the case came on for trial April 22, 1948. On April 19, 1948, the defendant had filed his written "Demand to Produce Purported Intoxicating Whisky." Defendant sets out a number of grounds in support of his motion, one being nonconformity by the arresting officer to Tit. 22 O. S.A. § 1261, which reads:

"In all cases where wines, whisky, beer or other intoxicating liquors mentioned in the Constitution or laws of this State or any personal property used for the purpose of violating any of the prohibitory liquor laws or gambling laws of this state, shall be seized by any officer or person with or without a search warrant, such officer or person is hereby required within five days to make a written report under oath and file the same with the county clerk of the proper or respective county where the same shall be so seized, which report shall in detail state the name of the officer or person making the seizure, the place where seized and an inventory of the property, articles or intoxicating liquors so taken into possession, and within said five days said person is hereby required to deliver the same to the sheriff of the county and take the sheriff's receipt therefor, in duplicate and such sheriff shall retain the same and all thereof, until the same shall be destroyed pursuant to the orders of the Court. In computing the time, five days, Sundays and holidays shall be excluded and not counted. A duplicate copy of said receipt shall immediately be filed with said county clerk, who shall keep a record of same, provided the sheriff and his deputies shall be required to make the affidavit and issue the receipt and otherwise comply with the provisions of this Act. Provided, that all liquors so seized shall be preserved for use as evidence in the trial of any action growing out of such seizure and all officers seizing any such liquors are hereby required to mark the bottles or containers for identification by writing thereon the date of the seizure and the name of the person from whom seized. The sheriff shall be liable on his bond for the safe keep-

ing of all such property so turned over to him under the provisions of this Act."

The evidence indicates that the liquor in question was bottled, tax-paid whisky, which this court many times has held to be per se intoxicating. There was no contention on the part of the defendant that the liquor was not intoxicating. Nevertheless, the record indicates that the officer neglected to handle the whisky as provided by the above statute. This liquor was taken into possession under authority of a search warrant. The statute providing for the return of the search warrant and the disposition of any intoxicating liquor seized by virtue of a search warrant is Tit. 37 O.S.A. § 85, which reads:

"Upon the return of such warrant, as provided in the next preceding section [Sec. 84 of this title], the judge or magistrate shall fix a time, not less than ten days, nor more than thirty days thereafter, for hearing of said return when he shall proceed to hear and determine whether or not the property and things so seized or any part thereof, were used, or in any manner kept or possessed by any person within this state, with the intention of violating any of the provisions of this act. At such hearing any person claiming any interest in any of the property or things seized, may appear and be heard upon filing a written plea of intervention setting forth particularly the character and extent of his claim; but upon such hearing the sworn complaint or affidavit, upon which the search warrant was issued, shall constitute prima facie evidence of the contraband character of the property and things seized, and the burden shall rest upon the claimant to show, by competent evidence, his property right or interest in the thing claimed, and that the same was not used in violation of any of the provisions of this act, and was not in any manner kept or possessed with the intention of violating any of the provisions of this Act. If, upon such hearing, no person shall appear as a claimant for any of the property and things seized, the judge or magistrate shall thereupon enter judgment of forfeiture

in favor of the state without requiring or receiving any other evidence than that contained in the sworn complaint or affidavit upon which the search warrant was issued; if, upon such hearing, any person shall appear as claimant to the property or things seized, or any portion thereof, the issue of fact thus raised shall be tried in the manner provided by law and judgment shall thereupon be entered accordingly."

The defendant contends a total lack of compliance by the officers with the above statutes. The evidence seems to support such contention. Counsel states:

"This case is a splendid example of the law enforcement agencies violating various provisions of the law in order to secure a conviction against a citizen of the state."

We do not find from the record in this case where such noncompliance prejudiced the defendant, there being no dispute over the liquor being intoxicating, or the amount obtained. Such was a material issue in Youngblood v. State, 32 Okla. Cr. 336, 240 P. 1100, and failure to preserve the evidence resulted in a reversal of the conviction. It is our view, however, in the instant case, that the above statutes, as well as Tit. 37 O.S.A. §§ 89 and 90, are to be complied with by the officers with the same degree of care and fidelity as the other provisions of the law with reference to intoxicating liquors. When officers fail to comply with the law, such tends to destroy respect for the law in general. Further, such statutes provide safeguards to prevent seized liquors from again entering channels of commerce or from being consumed by officers and their friends.

Suffice to say, this court, in the case of Grimes v. State, 65 Okla. Cr. 99, 83 P. 2d 410, 420, had for consideration Tit. 22 O.S.A. § 1261, and Title 37 O.S.A. §§ 89 and 90, and in the body of the opinion it was stated:

"There is no doubt but that it was the intention of the legislature by the enactment of the above statutes to not only safe-guard the rights of the citizens of this state in the protection of their property and give them an opportunity to be heard before it was confiscated, but it was also their intention to place a duty and responsibility upon the sworn officers of this state to see that the property which comes into their possession by virtue of the search and seizure laws should be disposed of in the manner provided by law. This principle is clearly illustrated by the facts and the opinion in the case of Hess v. State, supra [84 Okla. 73, 202 P. 310].

"It is further provided by the statutes of this state, as follows: Section 2654, Oklahoma Statutes 1931, 37 Okla-St. Ann. 94: 'All sheriffs, constables, marshals, and police officers, and all county and city attorneys, shall diligently enforce all the provisions of this Chapter. If any such officer shall fail or refuse to do or perform any duty required by the provisions of this Chapter, he shall be removed from office as herein provided. For the purpose of such removal a petition may be filed in the district court of the county wherein such officer resides, in the name of the State, on the relation of any citizen thereof upon the recommendation of a grand jury or on the relation of the board of county commissioners, or of any attorney appointed by the Governor under the provisions of this Chapter.'

"The procedure for removal is prescribed therein."

By reason of the erroneous instruction given as in this opinion set forth, the within case is reversed and a new trial is granted.

JONES, P. J., and BRETT, J., concur.