## MILLER v. STATE.

No. A-11459. Oct. 31, 1951.

(237 P. 2d 166.)

John L. Ward, Jr., Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, P. J. The plaintiff in error Harry Miller, defendant below, was charged by information in the common pleas court of Tulsa county, Oklahoma, with the offense of unlawful possession of intoxicating liquor. The offense was committed in Tulsa county on November 8, 1945, in violation of Title 37, § 31, O. S. 1941. The defendant's automobile was parked on one of the floors of the Tulsa Auto Hotel in Tulsa, Oklahoma. While it was thus situated it was searched under the authority of a search warrant and was found to contain 54 pints and 49 bottles of 4/5 quarts of tax paid whiskey, all in violation of law. The defendant was tried by a jury, found guilty, his punishment fixed at 30 days in jail and a $500 fine, and judgment and sentence entered accordingly.

This case No. A-11,459 is here on appeal for the second time. The first time it was here as appeal No. A-10,979 in which an affirmance was had, and is reported as Miller v. State, 89 Okla. Cr. 200, 206 P. 2d 245. That affirmance was vacated and reversed in Miller v. State, 90 Okla. Cr. 14, 209 P. 2d 890. The reversal in Miller v. State, 209 P. 2d 890, was only by reason of a supplement to the case-made. The supplement to the case-made called to the court's attention the defendant's objection and exception to instruction No. 8, which had been omitted from the case-made, and the form of which having repeatedly been held to place the burden of proof on the defendant as to intent and to constitute reversible error. Hughes v. State, 85 Okla. Cr. 25, 184 P. 2d 625; Savalier v. State, 85 Okla. Cr. 87, 185 P. 2d 476.

In this appeal the defendant complains the trial court erred, in not sustaining his motion to suppress the evidence, for the reason the warrant did not sufficiently describe the property to be searched and seized, as to enable the officers to determine from the warrant itself, without the exercise of discretion on their part, the location of the automobile to be searched. The warrant described the automobile as follows, towit:

"That said liquors are being disposed of and kept by one John Doe, whose real name is unknown to informant, in the manner aforesaid, on the following

described premises, situated in Tulsa County, Oklahoma, within said County and State towit: A certain Black Ford sedan automobile bearing 1945 Oklahoma license No. 2-3755, said automobile is being used in the transporting, secreting and storing of intoxicating liquor together with the appurtenances and appliances thereunto belonging."

This question was passed on adversely to the defendant's contention in Miller v. State, 89 Okla. Cr. 200, 206 P. 2d 245. The facts therein are substantially the same as developed herein and the authorities relied on therein are the same as those relied on herein. Under these conditions we know of no reason why the holding of Judge Barefoot on this issue therein is not binding herein. Furthermore we are thoroughly in accord with the holding of the late Judge Barefoot. The authorities relied on by the defendant herein were distinguished therein and are no more in point now than then. For all the above and foregoing reasons the judgment and sentence herein is accordingly affirmed.

JONES and POWELL, JJ., concur.