### SKAGGS v. STATE.
#### No. A–11983.

Criminal Court of Appeals of Oklahoma.
July 28, 1954.

Rehearing Denied Sept. 8, 1954.

See, also, Okl.Cr., 272 P.2d 1048.

King & Wadlington, Ada, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

The plaintiff in error, Alma Skaggs, defendant below, was charged by information in the county court of Pontotoc county, Oklahoma, with the unlawful possession of intoxicating liquors in violation of Title 37, § 31, O.S.1951. The defendant was tried by a jury, convicted and her punishment fixed at a $150 fine and 90 days in the county jail; judgment and sentence entered accordingly, from which this appeal has been perfected.

■ The first contention of the defendant is that the trial court erred in its instructions Nos. 4 and 6 to the jury in including therein the term "or otherwise dispose of the same", in reference to the purpose of possessing the intoxicating liquors. This term is almost a quotation from Title 37, § 82, O.S.1951, the keeping of in excess of 1 quart of any spirituous liquor as prima facie evidence of "intent to * * * sell or otherwise dispose of such liquor". It was argued by the defendant on oral argument that the broad import of the phrase complained of would make the possession of

liquor even for one's own use evidence of guilt. No authority is cited by the defendant. To the contrary, the use of this term has not been condemned. Brickey v. State, 55 Okl.Cr. 451, 32 P.2d 743. But this phrase must be read in light of the clause that follows, "that this section shall not be construed in any way to legalize the keeping of any liquors for an unlawful purpose". It is therefore apparent that the keeping of any quantity of liquor for an unlawful purpose is the gist of the offense. Dawson v. State, Okl.Cr., 273 P.2d 154. In any event this defendant could not complain of the use of this phrase in the instructions since the evidence of intent to unlawfully dispose of the liquor was apparent and no attempt was made by the defendant to explain the possession. Hence the instruction could not have been prejudicial.

■ The unlawful purpose of the possession was disclosed by the possession of a federal Retail Liquor Dealer's license. The introduction of the Collector's certificate into the case as evidence thereof, was objected to. This objection has no merit. Fowler v. State, Okl.Cr., 257 P.2d 537, therein it was said:

"The proof of payment of the special tax required by the United States government from retail liquor dealers, together with the proof of possession of intoxicating liquors, is sufficient to sustain a conviction of one charged with having unlawful possession of such liquor, with intent to sell the same."

■ The defendant next complains the trial court erred in overruling his motion to suppress because of the inaccuracy of the description. It is based on the proposition that the evidence showed the house searched was a white house while the warrant described a brown house. The officer stated however that the warrant also called for the search of 124 W. 8th occupied by Alma Skaggs. The officer said he located the premises to be searched from the address set forth in the warrant, that he paid no attention to the color of the premises described in the warrant. In Peterson v.

State, 76 Okl.Cr. 46, 133 P.2d 914, it was said:

> "In hearing on motion to suppress evidence, court's finding on disputed question of fact as to whether search warrant sufficiently described defendant's premises will be sustained where there is competent evidence in record to support finding."

 Further the defendant complains the court erred in permitting the county attorney to state that based upon the evidence the defendant was not a "business woman, but a bootlegger". The possession of the federal Retail Liquor Stamp and other circumstances in the case justified this statement as a legitimate inference based upon the evidence. This defendant's possession of a retail liquor dealer's license branded her as a bootlegger, if not, for what other purpose would she buy a federal license to sell intoxicating liquors.

This argument was proper under the facts. In Staley v. State, Okl.Cr., 264 P.2d 387, 390, we said:

> "The state's evidence in the case established the fact that the defendant was a bootlegger, hence the county attorney had the right to make such argument."

 Finally the defendant contends the punishment is excessive. Under the record herein it is apparent this defendant was a federally licensed retail liquor dealer. It was her announced intention to engage in bootlegging. The only excuse for a reduction of the sentence herein would be cause of the small quantity of liquor and the fact of a first offense, which facts alone do not justify modification. The judgment and sentence is accordingly affirmed.

POWELL, P. J., and JONES, J., concur.