Cleve RYLES, Plaintiff In Error,

v.

The STATE of Oklahoma, Defendant In Error.

No. A–12046.

Criminal Court of Appeals of Oklahoma.

Nov. 10, 1954.

King & Wadlington, Ada, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., James P. Garrett, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

The plaintiff in error, Cleve Ryles, defendant below, was charged by information in the county court of Pontotoc county, Oklahoma, with the offense of the unlawful possession of intoxicating liquor, Title 37, § 31, O.S.1951, allegedly committed on or about the 2nd day of July 1953, in said county and state. The defendant was tried by a jury, convicted, his punishment fixed at two months imprisonment in the county jail, and a fine of $200; judgment and sentence was entered accordingly, from which this appeal has been perfected.

■ The defendant complains of instruction No. 4 for the reason that said instruction failed to inform the jury what would be "otherwise dispose of said liquor", "as by destroying it, pouring it out, or drinking it". He says the same error is found in Instruction No. 7. This contention was decided adversely to the defendant in Skaggs v. State, Okl.Cr., 273 P.2d 783, wherein the same counsel appealed, from the same trial court. See also Skaggs v. State, Okl.Cr., 272 P.2d 1048. Herein the defendant stood mute and offered no proof in his defense, to overcome the presumption that the possession of the liquor in question was for an unlawful purpose, Title 37, § 82, O.S.1951. The state's proof to the contrary showed the liquor was possessed in a manner indicating an unlawful purpose. It was secreted in a hidden compartment behind a bureau drawer. There was not a syllable of evidence to establish the possession for a lawful purpose.

■ Next, the defendant complains the court erred in giving instruction No. 6 reading as follows, to wit:

"In the State of Oklahoma a person may have in his possession one quart or less of intoxicating liquor for his own use and such possession of one quart or less of intoxicating liquor is not a presumption that the defendant has it for an unlawful purpose. If the defendant had in his possession more than one quart of intoxicating liquor, such possession is such prima facie evidence that the defendant had the same for an unlawful purpose."

The defendant relies for a reversal on this ground upon the cases of Savalier v. State, 85 Okl.Cr. 87, 185 P.2d 476, and Hughes v. State, 85 Okl.Cr. 25, 184 P.2d 625, and others. An examination of these cases discloses a marked difference in instruction No. 6 herein and the instruction complained of in the Savalier and similar cases. In those cases the trial court went further than this instruction did and said in substance that possession of more then the lawful quantity of intoxicating liquor (one quart) is prima facie evidence of intent to sell, convey, or otherwise dispose of the same contrary to law, but such possession is a presumption which can be rebutted and removed by proof to the contrary. The last clause thereof shifted the burden of proof to the defendant of proving his innocence. The instruction herein in question is not controlled by the Savalier case and others of like import, but rather by Davenport v. State, Okl.Cr., 242 P.2d 466, 469, wherein it was said on this identical question:

"The third assignment of error is directed at the giving of Instruction No. 6, in which the jury was instructed that the keeping in excess of one quart of intoxicating liquor was prima facie evidence of an intent to sell, convey, or otherwise dispose of such liquor. Counsel concede that the instruction which was used has been approved in Caffee v. State, 11 Okl.Cr. 485, 148 P. 680; Brickey v. State, 55 Okl.Cr. 451, 32 P.2d 743; Farrow v. State, 64 Okl. Cr. 460, 82 P.2d 244; Stites v. State, 44 Okl.Cr. 92, 279 P. 911.

"In the case of Savalier v. State, 85 Okl.Cr. 87, 185 P.2d 476, this court suggested a form of instruction which should be given along with the prima facie evidence instruction * * *."

And said:

" '* * * a further instruction in substantially the following language should be given: "The term 'prima facie evidence' as that term is used in the statute above mentioned is that degree of proof which unexplained or uncontradicted is sufficient, if it be credited by the jury, to establish the unlawful intent, yet it does not make it obligatory upon the jury to convict after the presentation of such proof; whether or not such evidence is sufficient to overcome the presumption of innocence of defendant and to establish his guilt beyond a reasonable doubt, when all the evidence is considered, is for the determination of the jury, and the term prima facie evidence as applied to the evidence does not shift the burden of proof from the state to the defendant." '

"However, the fact that we have suggested what we think is an improvement upon the old form of instruction given in the cases hereinabove mentioned, it does not mean that we considered the old instruction as inherently bad. On the contrary, we do not think that it was misleading or confusing to the jury, and in view of the fact that this court had approved the giving of such instructions in numerous cases, and in further view of the fact that there was no defense at all offered * * * it certainly would not constitute reversible error."

In Rainey v. State, 71 Okl.Cr. 1, 107 P.2d 371, 373, wherein this court held a similar instruction not shifting the burden to the defendant was not bad, and said:

"* * * it clearly submits to the jury for their determination the question of fact as to whether the defendant had the possession in excess of one quart, and merely instructs them that if they find that the defendant did have possession in excess of one quart, that such possession is prima facie evidence of an intent to violate the law."

There is another reason why this contention cannot be sustained. The record shows that the objection and exception to instructions herein given were not interposed at the time they were given, but to the contrary as disclosed by testimony of counsel for the defendant, "the judge said any instructions I wanted to object to he would sign exceptions to before the motion for new trial was passed upon, and that's been the practice all the time". Such procedure is not according to law, and if that is the customary practice it should be stopped, since it defeats the purpose of interposing objections to instructions when they are given in order that any errors in instructions may be corrected, and requests for different instructions made in an effort to avoid error, needless waste of time and useless expense in unnecessary retrials. Both courts and counsel should realize that the prescribed procedure as to instructions is designed to the better administration of justice, but when imperfectly applied as was done in the case at bar becomes only a technical trap for assertion of error on appeal. In Collier v. State, Okl.Cr., 253 P.2d 568, 571, we said, "errors assigned upon instructions given by the trial court will not be considered upon appeal, where the record fails to show that any objections were made or any exceptions taken to such instructions at the time they were given, unless the errors are of a fundamental character." The instruction herein given is not of such fundamental character, since instruction No. 6 merely constituted a plain statement of the statute, Title 37, § 82, O.S.1951, without any attempt to shift the burden to the defendant, as was done in the Savalier and Hughes and other cases of like import, where timely objections and exceptions were made. There being no objection and exception taken herein to the giving of this instruction at the time it was given, or request by the defendant of a proper instruction, this contention falls within the rule announced in Miller v. State, 89 Okl.Cr. 200, 206 P.2d 245, 246, wherein it was said:

"* * * a case will not be reversed by reason of an erroneous instruction where no exception was taken to the giving of the same, unless it was such as deprived the defendant of a substantial right or was in violation of a constitutional or statutory right. Rider v. State, 79 Okl.Cr. 43, 151 P.2d 67; Gaddy v. State, 81 Okl.Cr. 236, 162 P.2d 787; Dooley v. State, 82 Okl.Cr. 243, 168 P.2d 651; Chapman v. State [84 Okl.Cr. 41], 178 P.2d 638."

See also Uto v. State, 92 Okl.Cr. 320, 223 P.2d 144. Moreover, instruction No. 6 was a correct statement of the law, Title 37, § 82, O.S.1951. It has been held in Cross v. State, 11 Okl.Cr. 117, 143 P. 202:

"An instruction which states a correct principle of law in the abstract, which could not have materially injured the accused, is harmless."

We, therefore, are of the opinion that this appeal is without substantial merit, and the judgment and sentence is accordingly affirmed.

POWELL, P. J., and JONES, J., concur.