EARL EAKINS v. STATE.

No. A-1428. Opinion Filed May 18, 1912.

(123 Pac. 1035.)

1.　APPEAL—Record—Indictment. The original indictment and its indorsements constitute a necessary part of the record, and whatever is properly shown by them is considered as shown by the record.

2.　INDICTMENT AND INFORMATION — Objections — Mode of Raising. The authenticity of an indictment should be raised by motion to quash and set aside, or by plea in abatement, in the trial court.

3.　TRIAL—Jurisdiction—Transfer of Causes—Time for Objections. An objection to the introduction of testimony, under an indictment charging a misdemeanor, on the ground that the same was not properly certified from the district court, comes too late where the defendant has entered his plea thereto.

4.   **TRIAL** — Argument of Counsel — Retaliatory Remarks.   Where counsel for defendant went outside of the record in an attempt to affect the credibility of the prosecuting witness, he cannot complain of the argument of the county attorney called forth in answer thereto.

(Syllabus by the Court.)

*Appeal from Marshall County Court;*
*J. W. Falkner, Judge.*

Earl Eakins was convicted of a violation of the prohibition law, and appeals.   Affirmed.

*Kennamer & Coakley,* for plaintiff in error.

*Chas. West,* Atty. Gen., and *Smith C. Matson* and *C. J. Davenport,* Asst. Attys. Gen., for the State.

DOYLE, J.   The plaintiff in error was prosecuted by indictment returned by the grand jury into the district court of Marshall county and transferred to the county court of said county, wherein he was charged with the unlawful sale of four quarts of whisky to one Jonnie Gibson.   On his trial in the county court the jury returned their verdict of guilty and assessed his punishment at 30 days' confinement in the county jail and to pay a fine of $50.   The judgment and sentence were entered in accordance with the verdict.   From the judgment and an order overruling a motion for new trial, the defendant appeals.

The first assignment of error is that the court erred in overruling the defendant's objection to the introduction of testimony under the indictment on the ground that the same was not properly certified from the district court and not properly transferred.   In support of this assignment it is argued:

"The clerk of the district court certifies criminal indictment No. 193 without disclosing the name of the defendant or naming the offense with which the defendant is charged to the county court, while the record and the case-made show that the indictment found by the grand jury against the plaintiff in error charging him with the crime of selling intoxicating liquors was No. 252, and nowhere in the whole record was this indictment ever ordered transferred or certified to the county court for trial."

There is no merit in the contention. The clerk of the district court certifies:

"That the indictment following this certificate, being indictment No. 193, State of Oklahoma v. ———, is the original and identical indictment in said cause returned into the district court of Marshall county, Oklahoma, by the grand jury on the 22d day of December, 1910," etc.

And then follows the indictment. It is very evident that the indictment No. 193 in the district court was changed to case No. 252 in the county court. There is no reason why the indictment number in the district court should be the same as the case number in the county court.

Upon arraignment the defendant entered his plea of not guilty, and no objection was made until the first state witness was called to testify. The entering of the plea was a waiver of any irregularity in the transfer of the cause from the district court to the county court, and the objection as made presents no question for review by this court.

Error is also assigned on the action of the court in overruling the motion for a new trial on the ground that the county attorney was guilty of misconduct in his argument to the jury. An examination of the record shows that the defendant's attorney in his argument went outside of the record in an attempt to affect the credibility of the prosecuting witness. By doing so he called forth the argument of the county attorney, which is the subject of the criticism here. Counsel for the defendant cannot provoke the argument, and by his own misconduct bring error into the record, and then take advantage of it. It is said by this court in the case of *Carter v. State,* 6 Okla. Cr. 232, 118 Pac. 264:

"Where irregularities occur during a trial which are brought about by the action of counsel for defendant, such irregularities will not ordinarily constitute ground for reversal upon appeal."

Finding no prejudicial error in the record, it follows that the judgment of the county court of Marshall county should be, and the same is, affirmed.

FURMAN, P. J., and ARMSTRONG, J., concur.