## WALTER OGLE v. STATE.

No. A-7499. Opinion Filed June 5, 1930.
(288 Pac. 1000.)

J. G. Harley, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter called defendant, was convicted in the county court of McIntosh county on a charge of having possession of a compound mixture fit for distillation and manufacture of whisky, and was sentenced to pay a fine of $100 and to be imprisoned in the county jail of McIntosh county for a term of sixty days.   From the judgment, the defendant has appealed.

The state used one witness.   The defendant did not introduce any testimony, but read into the record a statement that there was so little testimony of the state against him he stood on his plea of not guilty, and relied upon his constitutional rights that the state before a conviction can be had must prove him guilty beyond a reasonable doubt.

The officer testifying claimed he had a search warrant to search the premises.   The defendant objected to the introduction of the testimony, for the reason that all the testimony of the state was secured by an unlawful search and seizure of his residence.   For the purpose of

ascertaining whether or not the affidavit for the search warrant and the search warrant was sufficient, the court examined the same, and overruled the objections of the defendant.

The defendant in his fourth assignment urges that the court erred in permitting the witness to testify over the objections of the defendant as to what he found on the premises of the defendant, for the reason that all evidence secured was secured under an invalid search warrant.

The description in the affidavit is as follows:

"That in McIntosh county, state of Oklahoma, on the 9th day of February, 1928, the above named defendant, Walter Ogle, at his residence and premises and on land farmed and controlled by him located about four miles west and about one mile south and about one-half mile west and about one-fourth mile south of Eufaula, McIntosh county, Oklahoma."

Without considering further the testimony introduced by the state, the only error we deem necessary to consider is the fourth assignment which goes to the description in the affidavit for the search warrant as to the location of the defendant's home. The description in the search warrant is the same as in the affidavit for the search warrant.

Section 30, art. 2, Bill of Rights, Const., is as follows:

"The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches or seizures shall not be violated; and no warrant shall issue but upon probable cause supported by oath or affirmation, describing as particularly as may be the place to be searched and the person or thing to be seized."

By reference to the affidavit for the search warrant and the search warrant, it will be noted that the descrip-

tion in the affidavit and the search warrant does not describe the premises of the defendant by any subdivision of land surveys, and only in an indefinite way places the same somewhere south and west of Eufaula, McIntosh county, Okla. This court has repeatedly held that the description in the affidavit and the search warrant shall be sufficiently definite that no discretion is left to the officer making the search. The description in the affidavit and warrant before us is not sufficient under any authority we have been able to find, all the evidence having been obtained under an invalid affidavit for the search warrant.

The case is reversed.

EDWARDS, P. J., and CHAPPELL, J., concur.