## WILLIE WHITE v. STATE.

No. A-9821. June 18, 1941.
(114 P. 2d 959.)

238

Sigler & Jackson, of Ardmore, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for the State.

JONES, J. The defendant, Willie White, was charged in the county court of Carter county with unlawful possession of intoxicating liquor, was tried, convicted and sentenced to serve a term of 30 days in the county jail and to pay a fine of $50, from which judgment and sentence he appeals to this court.

Defendant makes several assignments of error; however, we find it necessary to consider only his contention that the trial court erred in overruling his motion to suppress the evidence on the ground that the description in the search warrant of the place to be searched was insufficient.

The description in the search warrant of the premises to be searched is as follows:

"The S & S Sandwich Shop, located south & west of Ardmore City limits whose more full, true and correct name is unknown, in a certain building and on certain premises described as follows, to-wit: A one story frame building, located south and west of Ardmore, City limits, just west of Highway No. 77 in said County and State."

This search warrant was served on defendant, his place searched, and between two and three pints of whisky found.

Defendant testified in the hearing upon the motion to suppress that the name of his place of business was the "S and S," and that it was located a mile and a half

south of Ardmore. There are eight or ten places of business between his premises and the Ardmore city limits. His place was about two hundred yards west of Highway No. 77.

The warrant does not name the owner or person in control of the premises and states incorrectly the name of the place of business to be searched. In relying upon the description set out in the search warrant, the officers were directed to search a one-story frame building, in Carter county, west of Highway No. 77, south and west of the Ardmore city limits.

Under this description, no officer unfamiliar with the country could have located definitely the place to be searched. So far as the information in the search warrant is concerned, the place could have been one or ten miles southwest of Ardmore. The officers would have had to resort to outside information to find the place involved.

It has been many times held by this court that a search warrant must so particularly describe the place to be searched that the officer to whom it is directed may determine it from the warrant, and that no discretion as to the place to be searched should be left to the officer. Clanton v. State, 59 Okla. Cr. 365, 60 P.2d 415; Cook v. State, 40 Okla. Cr. 219, 267 P. 1045; Ogle v. State, 48 Okla. Cr. 4, 288 P. 1000; Burleson v. State, 47 Okla. Cr. 412, 288 P. 989.

We are of the opinion that the search warrant in this case is void for indefiniteness in the description of the place to be searched.

This case is accordingly reversed and remanded, with instructions to dismiss.

BAREFOOT, P. J., concurs. DOYLE, J., absent.