## JOHNSON v. STATE.

No. A-11481.   Nov. 14, 1951.

(237 P. 2d 909.)

Shilling & Shilling, Ardmore, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and J. P. Garrett, Asst. Atty. Gen., for defendant in error.

BRETT, P. J.   Plaintiff in error Obie Johnson, defendant below, was charged by information in the county court of Carter county, Oklahoma, with having committed the offense of unlawful possession of intoxicating liquor, T. 37, § 31, O.S. 1941, on March 20, 1950. He was tried by a jury, convicted and his punishment

fixed at 60 days in jail and a fine of $100. From that judgment and sentence he has perfected this appeal.

The facts are that on the date in question the officers possessed with a search warrant went to the defendant's premises and searched the same seizing therein 7 1/2 pints of whiskey and one-half pint of gin. The record shows the defendant's place was on the outskirts of Ardmore, Oklahoma, on the east side of Highway 77. The place was being operated at the time of the raid in flagrant violation of law. It was equipped with 2 bars, one on the north side and the other on the south side of the room. with the liquor inside and below the bars. There was an ice box, glasses and a dispenser or two with cokes and 7-Up. There was a cigarette machine and juke box located in the room, and lounge in the middle of the room with a few chairs. This substantially composed the equipment. The only reason for continued profitable operation of this establishment was the sale of liquor in open violation of the law. These facts are undisputed.

The defendant bases his claim for reversal on technical grounds. First, he contends the search and seizure was unlawful, the evidence therefor being unlawfully obtained the trial court erred in failing to sustain the defendant's motion to suppress the evidence. To support the motion to suppress the defendant offered in evidence the affidavit for search warrant and the search warrant. They further offered in evidence a portion of the petition in case No. 31554 entitled State of Oklahoma ex rel. Gene Ritter, County Attorney, v. One Unnamed Wood Frame Structure, Obie Johnson, Guilds Mar Jones, et al. Further the defendant offered in evidence in support of the motion to suppress a lease contract from Guild Mar Jones, etc., to Obie Johnson covering the premises herein involved. The description of the premises searched contained in the affidavit for search warrant and the search warrant is the same and is as follows, towit:

"Obie Johnson in a certain building described as follows: A certain one story white wood frame house on East side of Highway #77, facing West approximately 200 yards South of the City Limits of the City of Ardmore, in Section Six, Township 5 South, Range 2 East, Carter County, Oklahoma, in Carter County * * *."

The description of the premises in the petition filed in case No. 31554 filed in Carter county, Oklahoma, is as follows, towit:

"Obie Johnson is the lessee and has control over a certain wood frame building, the name of which is unknown, and which is located in the Southwest one acre of approximately forty acres located in the Northwest quarter of Section Six, Township 5 South, Range 2, East, and further described as being located approximately two hundred yards South of the City Limits of the City of Ardmore, on the East side of Highway #77."

The description contained in the lease contract is a follows, towit:

"1 acre tract of land located south and west of Ardmore, Oklahoma, described as follows, towit: The Southwest 1 acre of the forty acres located in Section 6, Township 5 South, Range 2 East.

In addition to the foregoing proof the defendant testified the property described in the lease contract was the property searched in this case. He did not testify or attempt to say the property described in the affidavit for search warrant and described in the search warrant was not the property searched or that the property could not be located from the description contained in the search warrant. Nor did he testify he was not operating the place searched. In this connection it will be observed that the first part of the description contained in the petition offered by the defendant in support of the motion corresponds with the description contained in the lease and that the latter half of the description contained therein reads as follows, towit, and further described as being located approximately 200 yards south of the city limits of the city of Ardmore, on the east side of Highway

77, which description of the premises corresponds with the description contained in the affidavit for the search warrant and the search warrant itself. In this connection it is well that we here point out that the record is silent as to how far the premises described in the lease contract relied upon by the defendant are from the south city limits of Ardmore. Moreover the record on the hearing on the motion to suppress contains no proof of any other place at the point described in the search warrant. No further proof was offered on the motion to suppress. We cannot refrain from observing that the defendant cannot stand on the benefits in the description contained in the petition as corroborative of the description contained in the lease, without also being bound by its detriment to his position, which is corroborative of the description contained in the search warrant. The burden was on the defendant to establish that the property could not be located from the description contained in the search warrant. This rule has been announced repeatedly in this jurisdiction. Rousek v. State, 93 Okla. Cr. 366, 228 P. 2d 668, and in Clasby v. State, 78 Okla. Cr. 45, 143 P. 2d 430, citing numerous cases. Furthermore, the search warrant described the building as one in which the defendant Obie Johnson was operating a place where liquor was being disposed of. In light of the foregoing evidence we do not believe that the defendant sustained the burden in proving that the property could not be located as described in the search warrant without aid of any other information save that contained therein. McCarthy v. State, 91 Okla. Cr. 294, 218 P. 2d 397. The defendant Johnson was located in the premises and engaged in unlawful possession of liquor when the raid was made. Watson v. State, 73 Okla. Cr. 58, 117 P. 2d 808. Under all the foregoing authorities and the factual situation herein involved, we do not believe the contention relative to the search warrant is well laid. In this connection it is well to observe here, that in the trial on the merits, it was developed that the premises searched was in fact the place operated by Obie Johnson, he being there at the time of the raid; and, that the premises searched were located on the east side of Highway 77 about 2 blocks from the city limits of the city of Ardmore. It is well worth observation that the officers testified to the location of the premises independent of reference to the search warrant. It is well to observe also that the description of the premises is almost identical with that contained in the search warrant. The chief difference is in the use of the expression of 2 blocks instead of 200 yards, being only one of terms and not of substance. It therefore becomes all the more evident in light of these facts that the place could be located without the aid of any other information save that contained in the search warrant. Hence these facts fortify the conclusion reached by the trial court in its ruling on the motion to suppress the evidence. The defendant relies on White v. State, 72 Okla. Cr. 237, 114 P. 2d 959, 960. While the description in the search warrant held bad therein bears marked similarity to that contained in the search warrant in the case at bar, there is a material distinguishing fact contained in the search warrant in the case at bar, to that in the White case. Herein the description limited the distance south on Highway 77 from the Ardmore city limits to 200 yards. In the White case there was no such limitation. As Judge Jones said therein "the place could have been one or ten miles southwest of Ardmore. The officers would have had to have resorted to outside information to have found the place involved". No such situation confronts the officers herein. In view of all the foregoing facts and authorities we are of the opinion that the defendant failed to meet the burden required of him on the motion to suppress.

Next, it is contended by the defendant the evidence introduced by the state was not sufficient to prove the charge of unlawful possession of intoxicating liquor or warrant a conviction. This contention is based upon the proposition that "nowhere has any witness testified that defendant was found with tax-paid whiskey." The record disclosed that the officers testified the search disclosed and resulted in the seizure of 7½ pints of whiskey and a half a pint of gin. This whiskey was

4

marked for identification and placed in a box and kept for purposes of the trial. At the trial it was marked as State's Exhibit No. 1, identified as containing the whiskey taken at Obie Johnson's place. It does not appear however from the record that this whiskey was ever offered in evidence. However, it was neither essential that it be identified as tax-paid whiskey nor that it be offered in evidence, to establish, the fact of unlawful possession of said intoxicating liquor as alleged in the information, and seized at Obie Johnson's place at the time herein involved. However, it might have presented a stronger case if both had been done. The officers testified the property seized was whiskey, that if believed by the jury was sufficient. They did not testify as to whether it was tax-paid or nontax-paid whiskey but only that it was whiskey. This court has held it will take judicial notice that whiskey is intoxicating. The point is conceded by the defendant. Hughes v. State, 85 Okla. Cr. 25, 184 P. 2d 625, 626. In connection with the fact that the whiskey herein involved was not introduced in evidence this court has held that possession of intoxicating liquor is a question of fact for the determination of the jury, and it is not necessary for the state to produce the liquor alleged in the information before conviction may be had for unlawful possession thereof. Possession of intoxicating liquor may be established by facts other than production of the liquor itself. Parker v. State, 91 Okla. Cr. 71, 216 P. 2d 340, State v. Gragg, 71 Okla. Cr. 213, 110 P. 2d 321. Herein the officers' testimony was sufficient to make a prima facie case. Especially is this true in light of the fact that the defendant did not question the state's evidence, by requesting the bottles exhibited be opened and their contents examined. There is nothing in the record to create any doubt concerning the officers' testimony that the bottles contained whiskey either tax-paid or nontax-paid whiskey. This contention is therefore without merit.

The third contention is that the trial court erred in giving instruction No. 6. With this contention we cannot agree. Instruction No. 6 reads as follows, towit:

"You are further instructed that under the law of the state of Oklahoma, the having and keeping at a place of business in excess of one quart of any spirituous, vinous, fermented or malt liquors, or of any liquors or compounds of any kind or description whatever, whether medicated or not, which contain more than 3.2 percent of alcohol, measured by weight, and which is capable of being used as a beverage, shall be deemed prima facie evidence of an intention to convey, sell or otherwise dispose of such liquors.

"In this connection you are also instructed that the possession of such liquor, if you should find the defendant had the possession of the same, would be sufficient to establish an unlawful intent, unless rebutted or the contrary proved, yet it does not make it obligatory upon you to convict after the presentation of such proof, but such evidence is competent and sufficient to justify you finding the defendant guilty, provided you are satisfied from all the evidence that the defendant is guilty beyond a reasonable doubt."

Instructions almost identical to the No. 6 herein involved has been approved in the following cases, Caffee v. State, 11 Okla. Cr. 485, 148 P. 680; Brickey v. State, 55 Okla. Cr. 451, 32 P. 2d 743, 744; Stites v. State, 44 Okla. Cr. 92, 279 P. 911; Farrow v. State, 64 Okla. Cr. 460, 82, P. 2d 244.

The defendant relies on Savalier v. State, 85 Okla. Cr. 87, 185 P. 2d 476, 478, the instruction therein suggested reads as follows:

"The term 'prima facie evidence' as that term is used in the statute above mentioned is that degree of proof which unexplained or uncontradicted is sufficient, if it be credited by the jury, to establish the unlawful intent, yet it does not make it obligatory upon the jury to convict after the presentation of such proof; whether or not such evidence is sufficient to overcome the presumption of innocence of defendant and to establish his guilt beyond a reasonable doubt, when all the evidence is considered, is for the determination of the jury, and the term prima facie

evidence as applied to the evidence does not shift the burden of proof from the state to the defendant."

We find no fundamental difference in the instructions given in the foregoing cases and that suggested in the Savalier case. An examination of instruction No. 6 herein discloses that all the essential elements in the suggested instruction in the Savalier case are contained in the instruction No. 6 complained of. The objection given in the Savalier case was that it placed the burden on the defendant of proving his innnocence.

In Hughes v. State, 85 Okla. Cr. 25, 184 P. 2d 625, this court considered the instructions given in the last cited cases and pointed out that they had been approved because they do not place the burden of proof on the defendant in that the instructions therein given did not make the issue turn on a presumption of law, but on the issue of fact since the instructions did not make it obligatory upon the jury to convict the defendant therein charged upon presentation of proof of possession of in excess of one quart of intoxicating liquor, but left the issue to the satisfaction of the jury, from all the evidence that the defendant was guilty beyond a reasonable doubt. However we believe the suggested instruction in the Savalier case is clearer and more understandable than the older approved instructions referred to in the Caffee v. State, Brickey v. State, Stites v. State, Farrow v. State, cases supra. We therefore suggest that the trial courts follow the Savalier case in this regard.

The defendant's fourth contention is that remarks of the county attorney in his closing argument were prejudicial and that the court should have declared a mistrial or instructed the jury to have disregarded such remarks. This contention is based upon the following alleged remark, "If this man is acquitted, next time I am going, I think, I will give the search warrant to Mr. Randolph Bates, County Surveyor". While these statements are unwarranted and are in relation to matters not concerned in this trial, we do not attach such grave importance to this remark as does the defendant. He saw in the remark a threat to the jury of what the county attorney would do in the event of an acquittal. He also saw in it an allusion to the effect that the defendant was a professional violator. Moreover, this remark was so prejudicial he said that it was reflected in the jury's verdict in view of the fact the defendant was in possession of a small quantity of liquor 7½ pints of whiskey and 1 pint of gin. Certainly the prosecuting attorney should have confined his argument to the evidence in the case but we are unable to follow the defendant in his contentions in this regard. The remark of the county attorney seems to us to be relatively unimportant for where the guilt of the defendant is clear and there is no reason to believe that the jury could arrive at any other verdict but guilty the court will not reverse a case because of improper conduct of the county attorney. Hall v. State, 68 Okla. Cr. 367, 99 P. 2d 163, Abby v. State, 72 Okla. Cr. 208, 114 P. 2d 499, 115 P. 2d 266, especially where in view of the entire record it does not appear that the substantial rights of the defendant have been affected or the minds of the jurors prejudiced against him. Rheuark v. State, 86 Okla. Cr. 409, 193 P. 2d 621. In this connection the contention as to the severity of the punishment being the result of this remark we cannot agree. It appears clear to us that the 60 days and $100 fine was assessed not because of said remark but because of the open, flagrant operation of what might be termed a saloon in defiance of the law. We believe this conclusion is justified since the jury fixed the defendant's punishment at 60 days and a $100 fine and in so doing did not even approach the maximum provided in Title 37, § 31, O.S.A. 1941, of a fine of $500 and 6 months in the county jail. This contention we believe is likewise without merit. In light of the foregoing the last 2 contentions of the defendant are wholly without merit, they are that the verdict was the result of bias and prejudice on the part of the jury and the trial court erred in not sustaining defendant's

motion for a new trial. For all the above and foregoing reasons the judgment and sentence is accordingly affirmed.

JONES and POWELL, JJ., concur.