## LUDWIG v. STATE.

No. A-11805.   June 17, 1953.

Rehearing Denied June 24, 1953.

(259 P. 2d 321.)

Charles W. Jennings, Lawton, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

POWELL, P. J. The appellant, Sid Ludwig, was tried and convicted in the county court of Comanche county on a charge of unlawful possession of intoxicating liquor with intent to sell. Trial by jury was waived. The court fixed the punishment at thirty days in the county jail, and a fine of $500. Appeal has been perfected to this court.

The record discloses that on trial the defendant did not testify and offered no evidence. The officers, according to the record, obtained a large quantity of whiskey and gin from under a counter in the Southern Club, and near the cash register. One of the officers testified that two or three bottles had "spigots" in them, and of the type that permitted pouring. The defendant's wife was in charge and the search warrant was served on her. There were several employees there, and the defendant came in before the officers departed. The evidence further showed that the defendant had been the owner and operator of the Southern Club for about a year prior to the date of the search and seizure of the liquor in question.

The contention of error is based on the overruling by the court of the accused's motion to suppress the evidence obtained by authority of the search warrant. On hearing of the motion, defendant had introduced in evidence the affidavit for search warrant and the search warrant.

It was set out in the affidavit after description of the premises to be searched: "* * * the same being the premises of John Doe, whose more full, true and correct name is unknown to affiant * *." The same allegation was set out in the search warrant. The defendant offered M. T. McCracken, the deputy sheriff who served the search warrant, who testified that prior to search he served a copy of the warrant upon Mrs. Ludwig, the person in charge of the premises.

Complaint is made that the affidavit did not speak the truth in that Floyd W. Kennedy, the undersheriff and who signed the affidavit for search warrant, did know who operated the Southern Club. There is no evidence in the record to such effect. The burden was on the defendant to so show on the motion to suppress. Clasby v. State, 78 Okla. Cr. 45, 143 P. 2d 430; Rousek v. State, 93 Okla. Cr. 366, 228 P. 2d 668; Johnson v. State, 95 Okla. Cr. 1, 237 P. 2d 909.

This court has often approved a search warrant where the person whose place was to be searched was designated "John Doe", and whose more full, true and correct name was unknown. Quick v. State, 75 Okla. Cr. 176, 129 P. 2d 604; Bowdry v. State, 82 Okla. Cr. 119, 166 P. 2d 1018.

The fact that the officers were commanded to "make immediate" search of the premises described would not, as argued by defendant, authorize that the search be made prior to service of warrant. And at all events, the warrant herein was shown to have been served prior to search, as heretofore stated.

We find the affidavit for search warrant and the warrant to be in form in substantial compliance with 37 O.S. 1951 § 84. We further find that the authorization by the court of the amendment of the return to conform to the facts shown on hearing of motion to suppress and the permitting of signaure to return by M. T. McCracken, deputy sheriff, who served the search warrant, was not error, and that the provisions of 37 O.S. 1951 § 85 were substantially complied with. Williams v. State, 95 Okla. Cr. 131, 240 P. 2d 1132.

The judgment of the county court of Comanche county is affirmed.

JONES and BRETT, JJ., concur.