# LUDWIG v. STATE.

No. A-11806. June 24, 1953.

(259 P. 2d 322.)

Charles W. Jennings, Lawton, for plaintiff in error.

Mac Q. Williamson, Atty Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, J. The plaintiff in error Sid Ludwig, defendant below, was charged by information in the county court of Comanche county, Oklahoma, with the unlawful possession of 2 half pints of gin, 7 pints of whiskey and 7 half pints of whiskey for an unlawful purpose with the intent to barter, sell and otherwise furnish the same to others. A jury was waived, the defendant tried by the court, found guilty and his punishment fixed and judgment and sentence rendered thereon at 30 days in jail and a fine of $250, from which this appeal has been perfected.

The defendant's first proposition was raised on a motion to suppress the evidence. He contends that the warrant directed an immediate search of the Southern Club, and then directed the service of the warrant be had, hence he alleges the search was authorized before service of the search warrant was to be made. The sequence and language employed in the search warrant upon which this contention is based reads as follows, "to make immediate search of the above described premises, and to seize and safely keep and bring before the undersigned any and all of the above described property, and intoxicating liquor, and to serve a copy of this warrant upon said person". This contention is without merit. The sequence employed in the search warrant directing the search, seizure and service of the warrant may be untimely arranged, but it is not fatal any more than that the search precede the service of the warrant. It is a matter of form and not of substance. It has been held that there are circumstances and conditions where it would defeat the ends of justice to require the service of

the search warrant before making the seizure. See Thompson v. State, 89 Okla. Cr. 383, 208 P. 2d 584:

"Ordinarily where some person is in possession of the place to be searched, service of the warrant should precede the search, but it is within the contemplation of the law that conditions may arise where to require such before the search would defeat the ends of justice. Thereunder personal service of the warrant may be delayed until after the search and seizure has commenced or until completed."

Of course, the better practice is to serve the search warrant and then conduct the search and seizure where is it practicable and in keeping with the ends of justice so to do. So, also, the better form in the warrant would be to direct the service of the search warrant and then the immediate search of the premises described therein. The record herein, however, supports the fact that the service of the search warrant was had by Deputy Sheriff McCracken upon Mrs. Ludwig who was in charge of the described premises, before the search, as intended by law, and the service thereof was followed by a search of the premises. Hence the procedure here employed was within the ordinary circumstances contemplated by law, and the fact that the search warrant may have directed otherwise, in the absence of prejudice to the defendant, is of no consequence to him.

The defendant's second contention predicated on the motion to suppress was that the evidence was obtained under a void search and seizure. He complains that the search and seizure is void because the return on the search warrant did not show service of the same on any person. It reads as follows:

"Received this writ 18 day of December, 1951, and executed the same by arresting and by seizing the following described property, the same being covered by this warrant, to-wit: 2½ pints gin, 7 pints whiskey, 7½ pints whiskey on the 19 day of December, 1951, and by bringing said person and property before the Court as commanded."

All the law requires is a substantial compliance with Title 37, § 84, O.S. 1951. In this connection it has been held that the fact the officer failed to make a return on the search warrant, within 3 days after service thereof as provided in Title 37, § 84, O.S. 1951, and which was served within the ten days provided by Title 22, § 1231. O.S. 1951, in the absence of a showing of prejudice, does not invalidate and render void what was legally done under the authority of the search warrant. Viadock v. State, 30 Okla. Cr. 374, 236 P. 56; Hensley v. State, 53 Okla. Cr. 22, 3 P. 2d 211; Crim v. State, 68 Okla. Cr. 390, 99 P. 2d 185. Hence, it certainly follows that the failure to name, in the return on the search warrant, the person served in an otherwise valid search warrant, served as provided by law and as supported by the record herein, does not render the warrant and service thereof void. But the defendant further complains that the county attorney failed to prove a valid service on the hearing on the motion to suppress the search warrant. As hereinbefore set forth the record does not support this contention. It has been held that service of the search warrant upon the person found in possession of intoxicating liquor is proper service. Winger v. State, 88 Okla. Cr. 174, 201 P. 2d 264. Hence neither the record nor the law supports the defendant's contention. Nevertheless, if the defendant desired to rely upon this point, the burden was on him to offer evidence in regard to the contention that the service of the search warrant was invalid. He offered no proof to this effect save and except the search warrant itself which was silent as to upon whom the warrant was served. In the absence of proof to the contrary it is presumed of course that the officer did his duty as required by law. In this case the record supports that presumption. The burden of proof, on a motion to suppress the evidence, is on the defendant. Clasby v. State, 78 Okla. Cr. 45, 143 P. 2d 430; Rousek v. State, 93 Okla. Cr. 366, 228 P. 2d 668; Johnson v. State, 95 Okla. Cr. 1, 237 P. 2d 909.

The third contention of the defendant is that the state failed to prove that the officer making the affidavit to procure the search warrant did not know the true name of the occupant of the premises at the time of making the affidavit. The record reflects that the affidavit to procure the search warrant was procured by Mr. Otis Waldron, the affidavit for search of the premises of John Doe whose more full, true and correct name is unknown to the affiant, etc. The search warrant was likewise in the name of John Doe. It is incumbent upon the defendant in support of this contention to prove that the officer making the affidavit for search warrant knew the true name of the occupant of the premises. There is not a scintilla of proof in the record tending to contradict the recitals contained in the affidavit. Hence, in this regard, the defendant likewise failed to sustain the burden incumbent upon him. See Clasby v. State, supra; Rousek v. State, supra; Johnson v. State, supra. In Ludwig v. State, 97 Okla. Cr. 100, 259 P. 2d 321, it was said:

"The name 'John Doe' may be inserted in search warrant where the name of the owner of the premises to be searched is unknown to the person making the affidavit to procure the search warrant. Where the accused in motion to suppress takes issue with such statement, the burden is on him to show knowledge of ownership by the affiant."

For all the above and foregoing reasons the judgment and sentence herein complained of is accordingly affirmed.

POWELL, P. J., and JONES, J., concur.