Bobby Lee DRIVER, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–16861.

Court of Criminal Appeals of Oklahoma.

Oct. 26, 1971.

G. Wendell Cathey, Durant, for plaintiff in error.

Larry Derryberry, Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Bobby Lee Driver, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Bryan County, Oklahoma for the offense of Robbery with Firearms. His punishment was fixed at five (5) years in the state penitentiary, and from said judgment and sentence, a timely appeal has been perfected to this Court.

Briefly stated, the evidence at the trial adduced that James Stone was the operator of a small grocery store and motel in Cartwright, Oklahoma. He testified that approximately 10:30 o'clock p. m. on March 11, 1970, two men, one of whom he identified in court as the defendant, entered his store. The defendant displayed an automatic pistol, pointed it at Stone, and told him to open the cash register and to hand him the money. Stone opened the cash register and gave the defendant between $25.00 and $30.00. Defendant told Stone to turn around, which he did, and was subsequently struck on the head. Stone crawled to his show case and observed a white Ford pickup leaving his place of business, and driving over the Denison Dam.

Officer Sossamon, Denison, Texas Police Department, testified that he received a radio report of an armed robbery involv-

ing two white males driving a white 1952 or 1953 Ford pickup, and that at approximately 10:50 o'clock p. m. on the day in question, he observed the pickup coming south on Highway 75A into Denison, Texas. He stopped the pickup, which was driven by the defendant's brother, Lonnie Driver; defendant was a passenger. They were placed under arrest and taken to the Denison Police Station, wherein $29.20 was found upon the person of the defendant. On cross-examination, he testified, "They were arrested on a traffic charge, and placed in jail on this, and also for a minor in possession, and carrying a prohibited weapon." (Tr. 54)

Officer Leach of the Denison Police Department testified substantially to the same facts as related by Officer Sossamon.

The defendant recalled James Stone, who testified that he could not identify the co-defendant, Lonnie Driver, as being with the defendant when he was robbed.

Ellen Whitten, the defendant's mother-in-law, testified that the defendant's reputation for being truthful was good, and that he had a reputation in the community for being a peaceful, law-abiding citizen.

J. R. Ellis, the defendant's brother-in-law, testified that the defendant was employed by him, and that he paid the defendant on May 6, and again on May 10. The party stipulated that if Reverend James Jackson were present, he would testify that he was the pastor of the Assembly of God Church in Snyder, Texas, that he has known the defendant since 1968, and that the defendant's reputation for telling the truth has been good, as well as the fact that his reputation for being a peaceful, law-abiding citizen has been good.

Defendant did not testify, nor was any further evidence introduced in his behalf.

■ The first proposition asserts that the trial court erred in failing to sustain the defendant's motion for a continuance. Prior to the trial, defendant filed a Motion for Continuance, with supporting affidavits to the effect that Reverend James R. Jackson was unable to be in Durant, Oklahoma on the day of the trial, as he was conducting a training school, and that he could be available the following week to testify as to the defendant's reputation for being a truthful, peaceful, and law-abiding person.

The Assistant District Attorney stated that he would stipulate it that Reverend James R. Jackson would so testify, wherein the trial court overruled the Motion for Continuance, and permitted the stipulation to be read to the jury. We have previously held that a Motion for Continuance is addressed to the sound discretion of the trial court, and that it is not error to refuse continuance sought so that the witness may be produced when evidence sought to be admitted would be merely cumulative. White v. State, Okl.Cr., 458 P. 2d 322 (1969). Certiorari denied, 397 U.S. 917, 90 S.Ct. 922, 25 L.Ed.2d 98. We are of the opinion that the trial court did not abuse its discretion, denying the Motion for Continuance for the reason that the evidence of Reverend Jackson was cumulative, and, further, that the State agreed to stipulate to the witness's testimony.

■ The next proposition contends that the trial court erred in not allowing each defendant to have nine pre-emptory challenges. We need only to observe that 22 O.S. § 622 and § 655 provide that when several defendants are tried together, they cannot sever their challenge, but must join therein.

We further observe that defendant now argues that he was deprived of his right to a fair trial, and that each defendant did not receive nine pre-emptory challenges. Defendant did, in fact, waive his sixth, seventh, eighth, and ninth challenges.

■ The next proposition asserts that the arrest was unlawful. The arresting officers testified that they were on the lookout for two men that allegedly robbed the store in Oklahoma, and that the defendant was placed under arrest for committing a traffic violation in their presence. In Har-

**1112** ■■■■■■■■■■

rison v. State, Okl.Cr., 461 P.2d 1007, we stated:

"The fact that an original arrest may have been unlawful does not affect the jurisdiction of the court, nor is it a ground for quashing the information. And it does not preclude trial of the accused for the offense."

■ The next proposition asserts that the trial court erred in refusing to grant a mistrial because of prejudicial cross-examination by the Assistant District Attorney. The prosecuting attorney, on cross-examination of the character witness, Ellen Whitten, asked the witness, "What kind of guns does your son-in-law own?" (Tr. 84) Defendant objected to the question, and the same was sustained by the trial court. Defendant argues that, although the objection was sustained, the damage was done by the mere asking, and that the prejudice created was too great to overcome. In Melot v. State, Okl.Cr., 375 P.2d 343, we quoted from the fifth syllabus of Johnson v. State, 95 Okl.Cr. 1, 237 P.2d 909:

" 'Where the guilt of the defendant is clear and there is no reason to believe that the jury could arrive at any other verdict but guilty the court will not reverse a case because of improper conduct of the county attorney.' "

The next proposition contends that the trial court erred in overruling the Demurrer to the Evidence, refusing to direct the verdict for the defendant. Defendant argues under this proposition that the evidence is not sufficient to sustain a conviction. Suffice it to say, that from the foregoing statement of facts, we are of the opinion that the trial court properly overruled the Demurrer to the Evidence and refused to direct a verdict for defendant.

■ The final proposition asserts that prejudicial statements were made in the closing argument by the Assistant District Attorney in court. The defendant, in his Brief, states:

"Prior to the trial and in chambers a motion to suppress was heard off the record. The motion to suppress was sustained. This proposition has been discussed with the trial judge prior to preparation of this brief, and it is the position of the trial judge that it was agreed that the matter of the alleged weapon taken from one of the defendants would not be brought out in the course of the trial."

The Record reveals that in defendant's closing argument, he stated:

"And he is asking you, on the evidence that he has introduced, here, to send him to McAlester. He filed a charge of robbery with firearms. Where are the weapons? He is the District Attorney. Why didn't he introduce them? You know—

"BY MR. SHARPE: Your Honor—

"BY MR. CATHEY: (Continuing)— just because Mr. Sharpe—

"BY MR. SHARPE: I am going to object to that particular statement—

"BY MR. CATHEY: It's a material allegation.

"BY THE COURT: You can answer it.

"BY MR. SHARPE: Sir?

"BY THE COURT: You can answer it." (Tr. 108)

The prosecuting attorney in his closing argument attempted to explain to the jury why the guns were not introduced, to which the defendant objected, wherein the following transpired:

"BY THE COURT: Mr. Sharpe—I am going to try to lay this at rest, this way.

Counsel for the defendant, Bobby Driver, in his argument—and I address my remarks, now, to the jury—questioned where the weapons were. I am going to tell the jury were the weapons —why the weapons are not here. On objection by counsel for the defense, I refused to let them be admitted in evidence, because of the manner in which they were obtained. And I think we will

just have to let it rest, at that." (Tr. 118)

We have previously held that where counsel for the defendant discussed matters outside the Record, defendant could not complain of objectionable remarks by State's counsel and response to such argument. Star v. State, 9 Okl.Cr. 210, 131 P. 542 (1913), Eakins v. State, 7 Okl.Cr. 351, 123 P. 1035 (1912), Buck v. Territory, 1 Okl.Cr. 517, 98 P. 1017 (1909).

In conclusion, we observe that the Record is free of any error which would require reversal or justify modification. The evidence of defendant's guilt is overwhelming, and further, that the punishment imposed was the minimum provided by law. The judgment and sentence is, accordingly, affirmed.

BRETT, J., concurs in results.

NIX, J., concurs.