Kenneth Lynn
FUNKHOUSER, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–84–20.

Court of Criminal Appeals of Oklahoma.

March 11, 1987.

Johnie O'Neil, Asst. Appellant Public Defender, Tulsa, for appellant.

Michael C. Turpen, Atty. Gen., William H. Luker, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

The appellant, Kenneth Lynn Funkhouser, was charged in the District Court of Tulsa County, Case No. CRF–83–133, for the offense of Murder in the First Degree, three counts of Robbery with Firearms, and Attempted Robbery with a Firearm. A demurrer was sustained as to the allegation of Attempted Robbery, but appellant was convicted by a jury on the other four counts. Pursuant to an agreement with the State, appellant waived his right to jury sentencing and agreed to a sentence of life imprisonment on the murder conviction and sentences of 50 years each on the robbery conviction, all running consecutively. Judgment and sentence was imposed in accordance with this agreement. Appellant's co-defendant, Garland Funkhouser, was acquitted by the jury. We affirm.

On January 1, 1983, an adult bookstore in Tulsa, Oklahoma was robbed by two gunmen wearing ski masks. In the course of the robbery, the store cashier, Dennis Padilla, was shot and killed. Three customers were assaulted and robbed by the gunmen. None of the victims were able to identify either the appellant or his co-defendant as the robbers.[1] However, the appellant was convicted based on incriminating admissions he made to several acquaintances in the days following the crime. These statements to Larry Rollins, Shellie Rollins, and Randall Keith Royal were all corroborated by physical evidence at the scene, on appellant's body, and by the medical examiner's testimony.

### I.

In his first assignment of error, the appellant complains that the trial court erred in permitting the reading of witness Rollins' testimony at preliminary hearing in lieu of his testimony at trial. Appellant claims this procedure violated his right "to be confronted with the witnesses against him" under the Sixth Amendment to the Federal Constitution. We disagree.

The facts relating to this issue reveal that on February 23, 24, 25, and 28, 1983, a preliminary hearing was had before the Hon. Robert S. Farris, Tulsa County Special District Judge, and reported by Colleen Hedges, CSR, RPR–CP, an Official Court Reporter. Rollins was sworn as a witness, and gave detailed testimony. He was subjected to a rather lengthy and thorough cross-examination and recross-examination by counsel for the appellant, Mr. Frank McCarthy, Deputy Public Defender. He also was cross-examined by the attorney for his co-defendant, Mr. Leslie Earl. At trial, Rollins was again called as a witness, and he refused to testify, based on his Fifth Amendment right against self-incrimination. The trial court immediately appointed counsel to consult with Mr. Rollins, and, when he continued to invoke his Fifth Amendment right, he was excused from testifying. The trial court then allowed the preliminary hearing testimony, both direct and cross-examination, to be read to the jury. Trial counsel preserved this alleged error with timely, proper objections.

We first note that this procedure was proper under our Evidence Code. Title 12 O.S.1981, § 2804(B)(1) provides that

---

1. Key testimony on behalf of Garland Funkhouser showed that he did not match the description of either of the robbers; in fact, one victim testified Garland Funkhouser's eyes and eyelashes were a different color than the robbers.

"[t]estimony given as a witness at another hearing of the same ... proceeding" is "not excluded by the hearsay rule if the declarant is unavailable as a witness[.]" Section 2804(A)(1) declares that a witness is rendered "unavailable" if he is "exempt by ruling of the court on the ground of privilege from testifying concerning the subject matter or his statement[.]" Rollins was exempted from testifying after he asserted his constitutional privilege against self-incrimination. Clearly, the procedure employed herein was proper under the Evidence Code.

 Nor can we say that this procedure violated appellant's rights under the Confrontation Clause. The argument that cross-examination at preliminary hearing can never satisfy the confrontation requirement has been rejected by the United States Supreme Court. *See Ohio v. Roberts,* 448 U.S. 56, 72, 100 S.Ct. 2531, 2542, 65 L.Ed.2d 597 (1980). The question regarding admissibility is determined on a case by case basis and hinges on consideration of two factors: (1) whether the witness was unavailable at the time of trial, and, (2) whether the prior testimony bears an adequate indicia of reliability. *Britt v. State,* 721 P.2d 812 (Okl.Cr.1986). As a matter of constitutional law, the Supreme Court has stated that a properly invoked claim of privilege may render a witness unavailable to testify at trial. *See California v. Green,* 399 U.S. 149, 167–68, 90 S.Ct. 1930, 1940, 26 L.Ed.2d 489 (1970). Therefore, Rollins was unavailable to testify, under Sixth Amendment analysis. And, we believe a sufficient indicia of reliability has been demonstrated, inasmuch as the cross-examination herein was the "equivalent of significant cross-examination" at trial. *Ohio v. Roberts, supra,* 448 U.S. at 70–71, 100 S.Ct. at 2541–2542. The witness herein gave his preliminary hearing testimony under oath, the testimony was recorded by a licensed court reporter, the accused was represented by highly competent counsel, and the inquiry was made before a judicial tribunal. Furthermore, counsel in this case impeached the witness through the use of prior felony convictions, questioned the witness' sincerity and motive for testifying,

and challenged the accuracy of perception, memory and narration, all of which comported with the principle purpose of cross-examination. Therefore, this assignment of error is without merit.

## II.

Appellant's next two assignments of error will be considered together. Appellant first claims that the defense of his co-defendant, Garland Funkhouser, was inconsistent from his own and, therefore, he was prejudiced by their joint trial. He thus contends the trial court erred in overruling his pre-trial motion for a severance. He further argues that the trial court compounded its error by refusing each defendant nine peremptory challenges.

### A.

Title 22 O.S.1981, § 439 provides, in pertinent part, that:

> If it appears that a defendant ... is prejudiced by joinder ... defendants in an indictment or information or by such joinder for trial together, the court shall ... grant a severance of defendants, or provide whatever other relief justice requires.

At a pre-trial hearing on the motion to sever, counsel for appellant's co-defendant outlined his client's theory of defense, as follows:

> MR. EARL: What I advised the Court during our conversation was that the main thrust of the State's case is the testimony of three witnesses; Larry Rollins, Shellie Rollins and Randy Royal. That there is no physical evidence connecting Garland Funkhouser to the book store on the night of the incident; however, let Larry, Randy, and Shellie know too much about the case for them to have completely made it up. That they either, they are involved and committed the robbery or that they allege that he told them, but that they simply changed the name to include Garland Funkhouser as opposed to Larry Rollins. That the descriptions given by the victims are such that they would equally apply to Larry

Rollins as well as Garland Funkhouser and therefore, the inconsistent defense being that Kenny Funkhouser could, in fact, be one of the participants but that the other participant was either Larry Rollins or Randy Royal as opposed to Garland Funkhouser.

Appellant now argues that this statement demonstrated sufficient prejudice so as to require a severance. Appellant also claims that prejudice was demonstrated when inconsistent alibis were actually presented to the jury. Appellant points to the testimony of a police detective that Garland Funkhouser stated he and appellant had gone to Jimmy Barrett's home on the night in question. The detective also testified that appellant claimed never to have left his mother's home that night.

This Court has previously stated that:

This Court has held many times that the decision to grant or deny a severance is left to the sound discretion of the trial court. This Court has also recognized that it is in the interest of both justice and economy to jointly charge and try those who have allegedly participated in the same criminal act, and we have urged trial courts to do so whenever possible. *Faubion v. State*, 569 P.2d 1022 (Okl.Cr. 1977); *Dodson v. State*, 562 P.2d 916 (Okl.Cr.1977) (Brett, J., specially concurring); *See also Menefee v. State*, [640 P.2d 1381 (Okl.Cr.1983)], *supra*, and 22 O.S.1971, § 438. Absent an abuse of discretion resulting in prejudice to the appellant, the decision of the trial court will not be disturbed on appeal. *Chance v. State*, 539 P.2d 412 (Okl.Cr.1975). *See Lemmon v. State*, 538 P.2d 596 (Okl.Cr. 1975) and *Haynes v. State*, 532 P.2d 1390 (Okl.Cr.1975).

*Cooks v. State*, 699 P.2d 653, 658 (Okl.Cr. 1985).

■ First, we cannot say that counsel's pre-trial statement justified a severance under these facts. According to this statement, the co-defendant's theory of defense did not inculpate appellant; rather, it was simply that the co-defendant himself was not involved in any robbery-homicide, although he could not vouch for appellant's innocence. We have previously held that such a theory of defense is not the basis for a severance. *See Williams v. State*, 653 P.2d 937, 940–41 (Okl.Cr.1982) (Appellant and co-defendant were accused of stealing a diamond from a jewelry store. Co-defendant testified she personally was not involved in any scheme to steal the diamond, nor did appellant attempt to involve her in such a plan. Held: severance not justified under these facts). Second, the alleged prejudice caused by the detective, as it related to Garland Funkhouser's alibi, was cured when the trial court sustained an objection thereto, and admonished the jury not to consider the testimony. *See Kitchens v. State*, 513 P.2d 1300 (Okl.Cr.1973). Under these facts, we cannot say the trial court abused its discretion in refusing the severance.

**B.**

■ Appellant also contends the trial court erred in refusing to grant him the same number of peremptory challenges he would have been allowed if the trials were separate. We believe our statement in *Cooks v. State, supra* at 659, sufficiently disposes of this claim. We noted in *Cooks* that:

The law is clear on this point. Title 22 O.S.1981, §§ 622, 655 provide that if two or more defendants are tried jointly, they shall join in their challenges. *Driver v. State*, 490 P.2d 1109 (Okl.Cr.1971). Section 655 also provides "that when two or more defendants have inconsistent defenses, they shall be granted separate chllenges...." the appellant asserts that since this was a capital case, he should have received nine preemptory challenges, but we do not agree. The appellant relies on *Murray v. State*, 528 P.2d 739 (Okl.Cr.1974), which held that where the defenses of both defendants were *mutually antagonistic* pitting the defendants against one another, and where there was a limitation on preemptory challenges, denial of severance was an abuse of discretion. As discussed above, the defenses in this case were not antagonistic, and therefore were not within the

*Murray* Rule. This assignment of error is without merit.

This assignment of error is therefore without merit.

### III.

Next, the appellant assigns as error the trial court's decision to admit State's Exhibit No. 6, a newspaper clipping from a Tulsa newspaper which gave a short account of the crime. Appellant contends the contents of the newspaper clipping constituted hearsay, and its admission was, therefore, error. 12 O.S.1981, § 2802.

According to the record, this article was first identified and discussed during the testimony of Shellie Rollins. She testified that after the Funkhousers had arrived in Ardmore, she had a discussion with the appellant. She asked the appellant why he was in trouble, and he told her that they had robbed a store and killed an employee. Ms. Rollins stated that she did not believe him, and the appellant produced a newspaper article about the crime, which Ms. Rollins read. The appellant later destroyed this clipping, but at trial she identified another copy of it, which was identified as State's Exhibit No. 6. The State sought admission of the article, not for the truth of the matter asserted therein, but because the appellant's reaction to the article was indicative of a guilty mind. The trial court agreed it should be admitted on the limited basis.

Clearly, the trial court's decision to admit the evidence was proper as the article did not constitute hearsay, and was relevant. *See* 12 O.S.1981, §§ 2803, 2401. However, no limiting instruction was given by the trial court in order to inform the jury of the limited admissibility of the article, as would have been proper procedure under 12 O.S.1981, § 2106. However, even without the limiting instruction, we decline to find reversible error. The contents of the article revealed nothing beyond what had already been proven by competent evidence. The appellant has therefore failed to sufficiently demonstrate prejudice in the trial court's ruling, and this assignment of

error is therefore without merit. *See* 20 O.S.1981, § 3001.1.

### IV.

Finally, the appellant argues that the amended Information upon which he was tried was fatally defective, because the Information was not verified. Title 22 O.S. 1981, § 303 sets forth the formal requirements of an information. *Inter alia*, the prosecutor must subscribe his name to the Information, and the Information must be verified by the oath of the prosecuting attorney, complainant or some other person. These two requirements serve different purposes. The verification guarantees the accuracy of the factual allegations while the district attorney's signature insures the prosecution is being conducted in good faith by the State and that it is not the work of private citizens. *See Sam v. State*, 510 P.2d 978 (Okl.Cr.1973).

In this case, a preliminary information was filed on January 11, 1983, and was both signed and verified. An amended preliminary information was filed on February 18, 1983, and also was both signed and verified. On April 29, 1983, a third information was filed, which was identical to the February 18, 1983, information, except that count five had been deleted. The amended Information challenged herein was filed on May 5, 1983, and was identical to the verified information filed on February 18, 1983, inasmuch as it restored count V.

We cannot say this procedure, although not technically in compliance with the statute, constituted reversible error. Title 20 O.S.1981, § 3001.1 prohibits this Court from reversing any conviction "for error in any matter of pleading or procedure, unless it is the opinion of the reviewing court that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right." As noted above, verification of an Information guarantees its accuracy. In the present case the accuracy of the facts alleged in the amended Information was assured in two ways; First, the February 18, 1983 information which was identical to the chal-

lenged pleading, was properly verified. Second, witnesses at the preliminary hearing testified to facts which supported both the verified February 18 Information and the unverified May 5 amended Information. Thus, we find the absence of the required verification, under the unique facts of this case, did not render the Information void, or constitute reversible error. *Cf. Harvell v. State*, 395 P.2d 331 (Okl.Cr.1964) (where original complaint was sworn to, absence of verification of the information by the county attorney was not found to be fatally defective). This assignment of error is without merit.

Accordingly, for the foregoing reasons, the judgment and sentence of the trial court is AFFIRMED.

BRETT, P.J., concurs.

BUSSEY, J., concurs in results.