948 F.2d 1294
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Kenneth Lynn FUNKHOUSER, Petitioner-Appellant,
v.
James L. SAFFLE and Attorney General of the State of
Oklahoma, Respondents-Appellees.
 No. 91-5105.
 United States Court of Appeals, Tenth Circuit.
 Nov. 25, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. This cause is therefore ordered submitted without oral argument.
 
 
 2
 Kenneth L. Funkhouser, appearing pro se and in forma pauperis, appeals from a district court order denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Mr. Funkhouser was convicted of first degree murder and three counts of robbery with firearms in the district court of Tulsa County, Oklahoma and sentenced to life imprisonment and 150 years, respectively. The convictions were affirmed on appeal in Funkhouser v. Oklahoma, 734 P.2d 815 (Okla.Crim.App.1987). The trial court denied Mr. Funkhouser's application for post-conviction relief and that denial was affirmed on appeal. Funkhouser v. Oklahoma, Case No. H-90-0977 (Okla.Crim.App. October 10, 1990). Respondents concede Mr. Funkhouser has exhausted his state remedies.
 
 
 3
 Mr. Funkhouser was found guilty on the basis of admissions allegedly made to state witnesses Larry Rollins, Shellie Rollins and Randall Royal. The statements were corroborated by physical evidence at the scene and a wound on Mr. Funkhouser's body, although in the absence of the statements, none of the physical evidence independently implicated Mr. Funkhouser. His co-defendant and brother, Garland Funkhouser, was acquitted.
 
 
 4
 In his petition, Mr. Funkhouser asserts three grounds for relief, all of which the district court rejected. We affirm.
 
 I.
 
 5
 In his first ground for relief, he asserts for various reasons that he was denied due process of law and a fair trial. Relying in fact on the Sixth Amendment, he contends first that the trial court improperly admitted Larry Rollins' testimony from a preliminary hearing in contravention of defendant's right to confront witnesses against him. Rollins testified under oath at the preliminary hearing, those proceedings were recorded by a court reporter, and he was subjected to cross-examination by both defendants' separate counsel and to recross-examination by Mr. Funkhouser's counsel. At trial, however, Rollins invoked the Fifth Amendment and refused to testify. The trial court immediately appointed counsel to consult Rollins and excused him from testifying when he continued to invoke the privilege. Prosecutors were then allowed to read into evidence Rollins' testimony from the preliminary hearing.
 
 
 6
 Ordinarily, the Sixth Amendment requires a witness to testify live in a criminal proceeding. However, the Sixth Amendment will allow admission of a hearsay statement if the declarant is found to be "unavailable," and if the statement bears adequate "indicia of reliability." Ohio v. Roberts, 448 U.S. 56 (1980). For purposes of this test, a declarant that invokes his Fifth Amendment privilege against self-incrimination and refuses to testify can be found to be unavailable. California v. Green, 399 U.S. 149, 167-69 (1970).
 
 
 7
 Mr. Funkhouser urges that Rollins was not "unavailable" because he improperly invoked his Fifth Amendment privilege against self-incrimination, having already testified at the preliminary hearing. Our reading of Green, however, does not convince us that we need to conduct an in depth and independent inquiry into the propriety of a witness' plea of the Fifth Amendment privilege. See id. at 167-68, 168 n. 17. Given the circumstances of this case, the procedure the trial court adopted in allowing Rollins to claim the privilege was adequate to properly hold that Rollins was "unavailable."
 
 
 8
 Further, pointing to an affidavit by Rollins recanting his preliminary testimony, Mr. Funkhouser argues that the necessary indicia of reliability were not present. We disagree. The constitutionally adequate indicia of reliability in this case stem from the adherence to various procedural safeguards designed to encourage but not guarantee the historical accuracy of the hearsay statements introduced at trial. These indicia were present when the court admitted the preliminary testimony. We cannot hold that the after-the-fact presentation of new evidence that questions the testimony's historical accuracy retroactively taints what was a proper admission for purposes of the Confrontation Clause. For these reasons, we cannot find that Mr. Funkhouser's Sixth Amendment rights were violated.
 
 
 9
 Next, Mr. Funkhouser contends that the trial court improperly refused his motion for a trial separate from that of his codefendant. Mr. Funkhouser's brother proceeded, apparently with success, on the theory that either the state witnesses were the ones who in fact committed the crime, or if not, when they made their statements they simply implicated him in place of Larry Rollins. Mr. Funkhouser asserts that this defense was inconsistent and prejudicial. He also complains prejudicial statements were made to the jury that would not otherwise have been made had the codefendant been tried separately, such as testimony of an out-of-court statement by codefendant contradicting Mr. Funkhouser's own alibi.
 
 
 10
 In a habeas proceeding, a state's procedural ruling may not be questioned unless it is so prejudicial that defendant is "deprived of the fundamental fairness essential to the concept of due process." Nichols v. Sullivan, 867 F.2d 1250, 1253 (10th Cir.1989), cert. denied, 109 S.Ct. 3169 (1989). We cannot say that the trial court's refusal, as a matter of procedure, to grant a severance was so prejudicial as to meet this standard. As the Oklahoma court stated, "the co-defendant's theory of defense did not inculpate appellant; rather, it was simply that the codefendant himself was not involved in any robbery-homicide, although he could not vouch for appellant's innocence." Funkhouser v. Oklahoma, 734 P.2d 815, 818 (Okla.Crim.App.1987). Similarly, we agree with that court's determination that the jury's exposure to the prejudicial statement conflicting with Mr. Funkhouser's alibi was sufficiently cured when the trial court sustained an objection thereto and admonished the jury not to consider the testimony. See id.
 
 
 11
 Finally, to support his claim of an unfair trial, Mr. Funkhouser argues that the trial court (1) allowed a prejudicial newspaper clipping to be entered into evidence, that was identical to one Mr. Funkhouser allegedly showed to Shellie Rollins, (2) improperly limited his peremptory challenges during jury selection to five, instead of the nine he believes he was entitled to under state law, and (3) refused to strike an information that was not verified as state law required. The latter two claims were originally made and disposed of entirely on the basis of Oklahoma state law with no hint of a federally cognizable concern. Therefore, we cannot review the state's disposition of those claims. As to the first, again, having considered the state court's discussion as to the article's relevance and admissability, we cannot say that the state proceeding was made so fundamentally unfair that the defendant was deprived of due process. See Hopkinson v. Shillinger, 866 F.2d 1185 (10th Cir.1989) (to grant habeas relief based on state court evidentiary ruling, the ruling must render the trial fundamentally unfair).
 
 II.
 
 12
 In his second ground for relief, Mr. Funkhouser urges that the state used perjured and coerced testimony to gain a conviction. He points to an affidavit by Rollins supposedly recanting the testimony he gave at the preliminary hearing. According to this affidavit, Rollins was coerced into making a statement similar to one made by his wife and Randy Royal, who both testified at the murder trial. Rollins was allegedly told by the prosecutor that if he did not do so he would be charged with every unsolved robbery in Tulsa County within the last sixth months, the prosecutor guaranteeing that he could make at least some of them "stick." At trial, Rollins continues, he invoked the Fifth Amendment at an appointed counsel's suggestion in order to avoid a possible perjury charge stemming from his earlier testimony.
 
 
 13
 Mr. Funkhouser also points to an affidavit by Freddy Welch recounting a jail conversation between himself, Rollins and Randy Royal, in which Rollins allegedly stated, among other things, (1) that he and Royal had been placed in a two-man cell to rehearse their testimony, (2) that he had been schooled on what to say in order to corroborate Royal's testimony, (3) that he invoked the Fifth Amendment because "Tulsa" refused to help him out of charges pending against him in Teshamingo and after realizing that his testimony "based on lies" might subject Funkhouser to the death penalty, and (4) that the prosecution had threatened to charge Rollins as a codefendant with the Funkhouser's if he refused to testify.
 
 
 14
 Using this evidence, Mr. Funkhouser filed a motion for a new trial, which was denied "[b]ased upon the allegations contained within the Motion and Response thereto." Mr. Funkhouser then presented the claim as part of his direct appeal to support his claim that Rollins' preliminary testimony was improperly used. In upholding the conviction, the Oklahoma Court of Criminal Appeals did not mention the evidence. Consequently, Mr. Funkhouser argues that he has never been given a full and fair opportunity to be heard with regard to the allegation and that the district court erred in not conducting a hearing on the matter.
 
 
 15
 However, we believe that the district court properly disposed of this issue without an evidentiary hearing. "Recantation of testimony given under oath at trial is not looked upon with favor. Indeed, such is generally looked upon with suspicion." United States v. Ahern, 612 F.2d 507, 509 (10th Cir.1980). Apart from being inherently untrustworthy and inconsistent with the companion affidavit with respect to Rollins' reasons for not testifying, Rollins' recantation could only serve to impeach his preliminary testimony. It provides no new evidence as to Mr. Funkhouser's innocence, and in any case it indicates on its face that Rollins' testimony was merely cumulative to the testimony of Shellie Rollins and Randy Royal, whose statement he claims to have adopted. Therefore, even if the recantation is true and indicates a possible constitutional violation by state officials, the recantation provides no sufficient reason to believe the outcome of the trial would have been different or that Mr. Funkhouser's trial was rendered fundamentally unfair.
 
 III.
 
 16
 Finally, Mr. Funkhouser argues that he was convicted in violation of his Fifth Amendment right against double jeopardy. Mr. Funkhouser first made this claim when he applied for post-conviction relief in the trial court. The Oklahoma Court of Criminal Appeals held that he waived the claim since he had failed to make the claim on direct appeal, and they therefore affirmed the trial court's order denying the application.
 
 
 17
 It is settled that a claim procedurally barred from state court consideration on independent and adequate state grounds cannot be reviewed by federal courts in a habeas proceeding, unless the petitioner can demonstrate both cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Coleman v. Thompson, 111 S.Ct. 2546 (1991). Mr. Funkhouser has made no showing that would allow this Court to review his constitutional claim. The cause for default that he asserts was counsel's failure to raise all the grounds that Mr. Funkhouser desired to be raised on appeal. The prejudice he asserts was the multiple sentences improperly imposed if his double jeopardy claim is indeed correct. Whether or not the latter establishes actual prejudice, the failure of counsel to raise a desired claim does not constitute "cause." Murray v. Carrier, 477 U.S. 478, 486-87 (1986) ("the mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default").
 
 
 18
 Accordingly, for the reasons given above, the district court's judgment is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3